[No. 672-3.    Division Three.    August 17, 1973.]

THE COUNTY OF SPOKANE, *Appellant,* v. PETER E. GIFFORD, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Garald A. Gesinger, Deputy,* for appellant.

*Willard W. Jones* and *MacGillivray, Jones, Clarke, Schiffner & Johnson,* for respondent.

GREEN, C.J.—Defendant, Peter E. Gifford, was charged by criminal complaint filed in the Spokane County District Court with violation of a county zoning ordinance prohibiting commercial use of land within an agricultural zone except as specifically permitted. Defendant was alleged to be manufacturing and selling furniture frames. He was convicted in district court and on appeal to superior court the complaint was dismissed for failure to state a crime. The County of Spokane appeals.

Defendant presents a threshold question by challenging the county's right of appeal.

■ An appeal by the state does not lie from the ruling of a lower court in a criminal case, unless authorized by constitution or statute. *State v. Johnson,* 24 Wash. 75, 63 P. 1124 (1901); *State v. Brent,* 30 Wn.2d 286, 291, 191 P.2d 682 (1948). The same rule has been applied to municipalities. 5 Anderson, *Wharton's Criminal Law and Procedure* § 2251, at 502-505 (1957); 4 Am. Jur. 2d *Appeal and Error* § 269 (1962); Annot., 116 A.L.R. 120 (1938). Where the defendant's jeopardy is not involved, there has been a tendency to allow the state to appeal. *State v. Whitney,* 69 Wn.2d 256, 259, 418 P.2d 143 (1966).

Defendant contends that there is no statute or rule authorizing appeal by the county in criminal cases. CAROA 14, which superseded RCW 10.73.020, provides for appeals in criminal cases as follows:

(8) In criminal cases the *state* may appeal, . . . when the error complained of is based on the following: (1) The setting aside of an indictment or information; . . . (5) Any order which in effect abates or determines the action, or discontinues the same, otherwise than by a verdict or judgment of not guilty.

(Italics ours.) CAROA 46(b)(1)(ii),[1] covering appeals in criminal cases, contains the following provision:

(b) Notice of Appeal
(1) Filing. In order that the court of appeal may secure jurisdiction of an appeal in a criminal cause:

. . .

(ii) By the State. The state must within thirty days after the entry of a judgment or order from which it is authorized by statute to appeal, file a notice of appeal in duplicate with the clerk of the superior court.

Neither CAROA 14 nor 46 specifically refers to a county or other municipal corporation.

■ It is argued that since the county is not specifically

---

[1] It should be noted that this rule, in effect at the time of the instant appeal, is superseded by CAROA 46(b)(1) effective July 1, 1973.

authorized to appeal by constitution, statute or rule, this appeal must be dismissed. On the other hand, the county argues that the term "state" as used in the rules is all-inclusive and intended to include not only the state of Washington, but its political subdivisions, counties and cities. We agree with the latter contention.

In *Hockley v. Hargitt*, 82 Wn.2d 337, 510 P.2d 1123 (1973), the court was presented with the question of whether the state's exemption from posting a bond under RCW 4.92.080 in court proceedings included a county. At page 347, the court said:

> The trial court correctly held that King County need not post a bond since RCW 4.92.080 exempts the state from posting a bond in any action. The prosecutor was proceeding under a state statute. The county is but an arm of the state. *State ex rel. Spokane v. DeGraff*, 143 Wash. 326, 255 P. 371 (1927). A statute essentially comparable to RCW 4.92.080 was construed in *State ex rel. Thrash v. Lamb*, 237 Mo. 437, 141 S.W. 665 (1911), to excuse the county prosecutor from posting a bond when proceeding on behalf of the state. It would be an anomaly to free the state from posting a bond while imposing such requirement upon its political subdivision whose life and authority derive from the state.

To paraphrase: It would be an anomaly to allow the state a right of appeal in certain cases, but deny the same right to its political subdivision whose life and authority derive from the state. *Cf. Waller v. Florida*, 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184 (1970). The plaintiff county derived its authority to adopt its zoning ordinance from state statute, RCW 36.70, and in enforcing that ordinance it is acting as an arm of the state in carrying into effect the purpose of that statute.

The appeal by Spokane County is from the dismissal of its complaint—an order which determined the action other than by "a verdict or judgment of not guilty." The appeal falls within CAROA 14(8) and should be allowed. The defendant's jeopardy is not involved. *See State v. Whitney, supra.*

The county contends the court erred in dismissing its complaint because it failed to charge a crime. It is argued that since the complaint was substantially in the words of the ordinance, it did charge a crime. We agree.

Defendant was charged in pertinent part as follows:

That on or about the 11th day of March, A.D., 1971, in the County of Spokane, State of Washington, the said defendant, PETER E. GIFFORD, then and there being, did then and there unlawfully use land in an agricultural zone for general commercial and manufacturing purposes, to-wit: manufacture and sale of furniture frames, said use not specifically permitted by the Spokane County Zoning Ordinance, contrary to the statutes in such case made and provided.[2]

The ordinance which forms the basis of this charge is as follows:

4.04.140    Uses prohibited. Prohibited uses in Agricultural Zone include, but are not limited to, the following:
a. General Commercial uses, except as specifically permitted.
b. General Manufacturing uses, except as specifically permitted.

■■    The complaint affirmatively alleges that defendant was unlawfully using land in an agricultural zone for general commercial and manufacturing purposes by manufacturing and selling furniture frames. This is a violation of section 4.04.140 (a) and (b) and is a misdemeanor under section 4.22.040. The allegation that the manufacture and sale of furniture frames is not specifically permitted under the ordinance is surplusage. It is not necessary to negative an exception or defense in charging the crime, where the act defining a crime does not in itself define a defense or exception. *State v. Houck,* 32 Wn.2d 681, 683-84, 203 P.2d

___

[2]The actual complaint is not before us because no transcript was filed on appeal. However, defendant's brief quotes the complaint in full at page 1, and the plaintiff quotes the charging portion thereof at page 6 of its brief. Since both quotations agree as to content, we will accept the complaint as quoted in the briefs as an agreed statement between the parties of the contents thereof and will review the issue raised.

693 (1949). The complaint was substantially in the language of the ordinance and sufficient to apprise the defendant of the charge against him. *State v. Bowman,* 57 Wn.2d 266, 269, 356 P.2d 999 (1960); *State v. Thomas,* 73 Wn.2d 729, 440 P.2d 488 (1968).

The judgment of dismissal is reversed and the matter remanded for further proceedings.

MUNSON and SWANSON, JJ., concur.

Petition for rehearing denied October 25, 1973.

Review denied by Supreme Court December 14, 1973.