[No. 44041. En Banc. June 10, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDERSON DURHAM, *Petitioner*.

*Michael D. Smith* and *Smith & Levy*, for petitioner.

*Slade Gorton, Attorney General, Thomas W. Hayton, Assistant, Don Herron, Prosecuting Attorney*, and *Terrence F. McCarthy, Deputy*, for respondent.

BRACHTENBACH, J.—This is an appeal from a ruling of the Clerk of the Supreme Court denying payment from the state indigent appeals fund of costs and fees incurred in representing an indigent in a CrR 7.7(b) evidentiary hearing in superior court. Claims for compensation were submitted by Durham's appointed counsel and by the court reporter (petitioners) who supplied a transcript of portions of Durham's original proceeding. The transcript was ordered, upon Durham's motion, by the Superior Court and was necessary to that court's determination on the merits of his claim. The only question before this court is whether these claims for costs should be paid by the county in which the evidentiary hearing took place or by the State from the indigent appeals fund. The Clerk ruled that payment could not be made from such state funds. This ruling results in these costs and fees being paid by the county.

We affirm the Clerk's ruling.

The main issue is whether the pertinent statutes authorize payments from state funds for evidentiary hearings in superior court pursuant to CrR 7.7(b). We conclude that the statutes allow payment from those funds only for appellate review. That conclusion results in an inquiry as to whether a CrR 7.7 evidentiary hearing in superior court is part of appellate review.

 RCW 2.32.240 and RCW 4.88.330 provide for the submitting of vouchers to the Clerk of the Supreme Court for costs incident to review where the defendant is an indigent.[1] Statutes materially identical to these have been

---

[1] RCW 2.32.240 provides:

"(1) When a record has been taken in any cause as provided in RCW 2.32.180 through 2.32.320, if the court, or either party to the suit or action, or his attorney, request a transcript, the official reporter and clerk of the court shall make, or cause to be made, with reasonable diligence, full and accurate transcript of the testimony and other proceedings, which shall, when certified to as hereinafter provided, be filed with the clerk of the court where such trial is had for the use of the court or parties to the action. The fees of the reporter and clerk of the court for making such transcript shall be fixed in accordance with costs as allowed in cost bills in civil cases by the supreme court of the state of Washington, and when such transcript is ordered by any party to

interpreted to permit payment by the clerk only for those expenses associated with indigent appeals.[2] *Honore v. State Bd. of Prison Terms & Paroles,* 77 Wn.2d 660, 466 P.2d 485 (1970). This conclusion is supported by the legislative history of these compensation statutes.[3] It was not the intent

any suit or action, said fee shall be paid forthwith by the party ordering the same, and in all cases where a transcript is made as provided for under the provisions of RCW 2.32.180 through 2.32.320 the cost thereof shall be taxable as costs in the case, and shall be so taxed as other costs in the case are taxed: *Provided,* That when, from and after December 20, 1973, a party has been judicially determined to have a constitutional right to a transcript and to be unable by reason of poverty to pay for such transcript, the court may order said transcript to be made by the official reporter, which transcript fee therefor shall be paid by the state upon submission of appropriate vouchers to the clerk of the supreme court."

RCW 4.88.330 provides:

"When a party has been judicially determined to have a constitutional right to obtain a review and to be unable by reason of poverty to procure counsel to perfect the review all costs necessarily incident to the proper consideration of the review including preparation of the record, reasonable fees for court appointed counsel to be determined by the supreme court, and actual travel expenses of counsel for appearance in the supreme court or court of appeals, shall be paid by the state. Upon satisfaction of requirements established by supreme court rules and submission of appropriate vouchers to the clerk of the supreme court, payment shall be made from funds specifically appropriated by the legislature for that purpose."

[2]While the class of indigent litigants who have benefited by such compensation statutes has been expanded through statutory revisions, the preconditions to compensation have remained the same. Laws of 1965, ch. 133, § 2, provided for payment on behalf of an indigent criminal defendant of "all costs necessarily incident to the proper consideration of the appeal by the supreme court". In 1970, the class of beneficiaries was expanded to include indigent juveniles in any case determining such juvenile to be a delinquent or incorrigible child. Laws of 1970, 1st Ex. Sess., ch. 31. In 1972, petitioners for writs of habeas corpus who have been judicially determined to have a constitutional right to a transcript and review were included. Laws of 1972, 1st Ex. Sess., ch. 111. The most recent provisions expand the potential class of beneficiaries to a party who has been judicially determined to have a constitutional right to a transcript or to obtain review. Laws of 1975, 1st Ex. Sess., ch. 261. *See* footnote 1.

[3]The legislature has consistently considered these compensation statutes in reference to the costs of appellate review. *See* House Journal, 39th Legislature (1965) at 810, 867; House Journal, 42d Legislature (1972) at 1164; Senate Journal, 42d Legislature (1972) at 488, 489, 635,

of the legislature in enacting the statutes to provide for state payment of costs and fees other than those incident to appellate review. The appropriation to the Supreme Court for indigent cases refers only to those expenses incurred in perfecting appellate review. *See* Laws of 1975, 1st Ex. Sess., ch. 269, § 5.

It is petitioners' contention that the evidentiary hearing in superior court pursuant to CrR 7.7 constitutes an appellate review within the scope of the compensation statutes. Under CrR 7.7, an application for post-conviction relief is filed with the Chief Judge of the Court of Appeals in the district in which the court that imposed the sentence or order is located. The function of the Chief Judge is to screen initially the applications, separating those applications worthy of consideration from those lacking merit on their face. If the petition is frivolous, it is dismissed. If it is not frivolous, yet only raises a question or questions of law, the matter is set for a hearing before a panel of the court. If the petition is not frivolous and is grounded upon a factual allegation, the truth of which can only be determined by a factual inquiry (that is, if the petition alleges a material fact which is not in the record or which the court does not judicially know) the matter is transferred to the superior court in which the sentence or order was

---

636. In considering the most recent provisions, as codified in RCW 2.32.240 and RCW 4.88.330, the following discussion in the House of Representatives is particularly relevant:

POINT OF INQUIRY

Mr. Smith (Rick) yielded to question by Mr. Eikenberry.

Mr. Eikenberry: "A superior court judge, in determining whether or not an individual is entitled to this kind of assistance, either for attorney's fees or because of a transcript or other costs, has a certain degree of latitude in determining if the individual is in fact indigent or if the cost being asked for is actually necessary. As I understand it at present these costs, which are granted and authorized by the court, do go through the county commissioner, or the legislative body of a council, for final payment; is that true?"

Mr. Smith (Rick): "That is the situation in superior court, but this bill only deals with the appellate court and the fees are determined by the clerk. . . ."

House Journal, 44th Legislature (1975) at 1844.

imposed for hearing. *Wright v. Morris*, 85 Wn.2d 899, 540 P.2d 893 (1975).

■ Petitioners urge the court to view this evidentiary hearing as an exercise of appellate jurisdiction with the superior court acting as an arm of the appellate court. This view, however, fails to recognize that in transferring the application for post-conviction relief to the superior court, the Court of Appeals loses its jurisdiction over the matter. The evidentiary hearing in superior court is more than a mere reference hearing. The procedure of transferring applications for post-conviction relief to the superior court is designed to present the court with any remaining issues which have not been fully and fairly determined previously. The court's findings are not contingent in any way upon acceptance by the Court of Appeals; rather, the determination made by the superior court constitutes a final judgment on the merits of the claim for relief. The judgment of the superior court is not unlike any other judgment in a criminal proceeding and may be appealed to the Court of Appeals. CrR 7.7(h).

The compensation statutes, RCW 2.32.240 and RCW 4.88.330, are designed to provide reimbursement only for those expenses incident to appellate review. The evidentiary hearing pursuant to CrR 7.7(b) is not within the contemplated scope of these statutes. This hearing in superior court is not intended to be a substitute for appeal. Petitioners' position is not dissimilar to the situation confronted by the court in *Honore v. State Bd. of Prison Terms & Paroles, supra*. In *Honore*, the question facing the court was who should pay the costs incident to a habeas corpus hearing in superior court where it has been determined that the petitioner is indigent. The court found the indigent litigant expenses to be compensable out of county rather than state funds.

> [W]e consider first the matter of fees, costs and attorneys' compensation which may, under our ruling, accrue as an incident to an evidentiary hearing either originating in the superior court or being conducted therein pursuant to a remand under pertinent court rules . . .
>
> . . . [T]he superior court, [is authorized] in appropriate habeas corpus proceedings before it originally

or on remand, to appoint counsel and order payment by the county . . . (b) . . . attorneys' fees . . .; and (c) the costs of transcribing a statement of facts . . . adequate to reach claimed errors . . .

*Honore v. State Bd. of Prison Terms & Paroles, supra* at 675-76.

■ Finally, petitioners urge that the language of CrR 7.7(e) indicates that petitioners' claims are reimbursable from the state, rather than the county. CrR 7.7(e) provides:

The petitioner may be represented by counsel at such hearing, and where the court finds that the petitioner is indigent, counsel shall be provided at the state's expense.

The reference to the "state" is not, however, determinative of whether county or state funds are the source of payment of petitioners' claims for costs. The state is referred to only in the generic sense. The term "state" is all-inclusive as used in the rules and embraces not only the state but its political subdivisions. *See, e.g.,* CrR 2.1(a); CrR 6.4(e). *See County of Spokane v. Gifford,* 9 Wn. App. 541, 513 P.2d 301 (1971), wherein the term "state" as used in the Court of Appeals Rules on Appeals was interpreted to include not only the state, but its political subdivisions, counties and cities.

The claims for costs incident to a CrR 7.7(b) evidentiary hearing in superior court where the petitioner is indigent are reimbursable from the county in which the hearing is held.[4]

The Clerk's orders are affirmed.

STAFFORD, C.J., HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., and RUMMEL, J. Pro Tem., concur.

ROSELLINI, J., concurs in the result.

---

[4] Effective July 1, 1976, applications for post-conviction relief under CrR 7.7 and petitions for writs of habeas corpus under ROA I-46 and CAROA 46 are superseded by RAP 16.3 through 16.15. Under the new procedure expenses incurred in a superior court reference hearing, where a personal restraint petition is filed by an indigent with the Court of Appeals and transferred to the superior court for fact finding, are to be paid with funds appropriated by the county in which the superior court is located. RAP 16.15(f).