[No. 62422-4. En Banc. February 1, 1996.]
THE CITY OF SEATTLE, *Respondent*, v. SUSAN FONTANILLA, *Petitioner*.

*Prince, Kelley, Marshall & Bassingthwaighte, P.S.*, by *David S. Marshall*, for petitioner.

*Mark H. Sidran, City Attorney*, and *Janice Conroy Albert, Assistant*; and *Christine O. Gregoire, Attorney General*, and *Carl B. Paul, Assistant*, for respondent.

ALEXANDER, J. — This appeal requires us to examine RCW 9A.16.110, a statute that provides, in part, that "the state of Washington shall indemnify or reimburse [a] defendant for all loss of time, legal fees, or other expenses involved in his or her defense" when the defendant is acquitted of criminal charges on grounds that he or she acted in self-defense. More specifically, we are asked to decide whether the King County Superior Court erred in affirming the Seattle Municipal Court's determination that the latter court lacked authority to order the State or

the City to reimburse Susan Fontanilla for costs she incurred in successfully defending herself in municipal court against an assault charge. We agree with the superior court, and affirm.

Susan Fontanilla was charged in Seattle Municipal Court with violating Seattle Municipal Code 12.06.010, which defines the offense of assault.[1] The case against Fontanilla proceeded to a jury trial, at which the City alleged that Fontanilla wrongly injured a co-worker's finger by twisting it. Fontanilla testified in her defense, claiming that the co-worker had confronted her menacingly, and that she was merely defending herself when she pushed the fellow worker's hand away from her face. The municipal court jury, apparently accepting Fontanilla's version of the event, found her not guilty of the charge and returned a special verdict to the effect that Fontanilla justifiably acted in self-defense.

Fontanilla thereafter moved, pursuant to RCW 9A.16.110, to have the municipal court "order the City of Seattle and the State of Washington, jointly and severally," to reimburse her for the costs associated with her defense. Findings of Fact, Clerk's Papers at 2. Following argument on the motion, the municipal court entered the following findings of fact: (1) that Fontanilla was prosecuted by the City of Seattle for an alleged assault, in violation of a Seattle municipal ordinance; (2) that the State of Washington was not a party, and had no notice of the action; and (3) that Fontanilla had incurred expenses of $6,673.89 "so far," in her defense at trial and in pursuing her motion for reimbursement. Findings of Fact, Clerk's Papers at 3-4. Based on these findings, the municipal court "reluctantly" denied Fontanilla's motion for reimburse-

---

[1]When Fontanilla was charged in Seattle Municipal Court with assault, SMC 12.06.010 read, in pertinent part, as follows:

"A person is guilty of assault when:

"A. With intent to cause bodily injury to another person, he causes bodily injury to any person; or

"B. He recklessly causes bodily injury to another person . . . ."

ment, concluding that it did not have the authority under RCW 9A.16.110 to order either the State or the City to reimburse her for the expenses involved in her defense. Findings of Fact, Clerk's Papers at 4-5.

Fontanilla appealed the municipal court's determination to the King County Superior Court. After considering memoranda from Fontanilla and the City, as well as the State, the superior court affirmed the municipal court's decision denying Fontanilla's motion for reimbursement. Fontanilla then petitioned this court for review of the superior court's decision, and we granted the petition.

I

Fontanilla contends that under RCW 9A.16.110 she is entitled to reimbursement for the costs and expenses she incurred in defending herself in Seattle Municipal Court on the assault charge, because she successfully interposed a defense of self-defense against the assault. In support of this contention, she argues that the municipal court has authority under that statute to order either the State or the City to reimburse her, and that the municipal court and superior court erred in concluding otherwise. The State, while acknowledging the provisions of RCW 9A.16.110, argues that the statute is limited by the provisions of RCW 9A.04.090, and thus has application only when a defendant is charged with a violation of a statutorily defined offense.[2] It asserts in this regard that because Fontanilla was charged with violating the municipal code of Seattle and not a statute, she is ineligible for reimbursement. The State presents an alternative argument, that even if RCW 9A.16.110 applies in cases where the defendant is prosecuted for an alleged violation of a municipal ordinance, the municipal court lacked the power to order

---

[2]RCW 9A.04.090 reads as follows:

"The provisions of chapters 9A.04 through 9A.28 RCW of this title are applicable to offenses defined by this title or another statute, unless this title or such other statute specifically provides otherwise." RCW 9A.04.090 (enacted by Laws of 1975, 1st Ex. Sess., ch. 260).

the State to reimburse Fontanilla because it was not a party to the case in the municipal court.[3] The City asserts that it has no liability under the statute, arguing that even if the statute provides for reimbursement in a case such as this, the duty to reimburse a defendant resides only with the State.

■■ At all times relevant to this case RCW 9A.16.110 provided, in relevant part, as follows:

(1) No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself or herself, his or her family, or his or her real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of assault, robbery, kidnapping, arson, burglary, rape, murder, or any other heinous crime.

(2) When a substantial question of self-defense in such a case shall exist which needs legal investigation or court action for the full determination of the facts, and the defendant's actions are subsequently found justified under the intent of this section, the state of Washington shall indemnify or reimburse such defendant for all loss of time, legal fees, or other expenses involved in his or her defense. This indemnification or reimbursement is an award of reasonable costs which include loss of time, legal fees, or other expenses and is not an independent cause of action. . . . PROVIDED, HOWEVER, That nothing shall preclude the legislature from granting a higher award through the sundry claims process.

RCW 9A.16.110.[4] Our task is to interpret this statute and determine, first, whether the statute applies in an action maintained in a municipal court for a violation of a mu-

---

[3]The record does not contain an order joining the State of Washington as a party to this appeal. As noted above, the municipal court recognized that the State was not a party to the initial action. Findings of Fact, Clerk's Papers at 3. Fontanilla did not object, however, to the State's participation in argument at the municipal court hearing on the reimbursement issue. Neither did she object to the State's filing of a brief in superior court and receiving a share of the City's oral argument time on appeal to that court, Appellant's Opening Br., Clerk's Papers at 301, or here.

[4]After this action was initiated, the statute was amended to read, in relevant part, as follows:

nicipal ordinance, and, if so, whether the municipal court has the power to order the State or the City to reimburse Fontanilla pursuant to the statute. In undertaking this task, we are mindful of the principle of statutory construction that we are to construe a statute so as to carry out its manifest object. *See Roza Irrigation Dist. v. State*, 80 Wn.2d 633, 637-38, 497 P.2d 166 (1972), *cited with approval in Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 254, 850 P.2d 1298 (1993) *and Public Util. Dist. 1 v. Public Employment Relations Comm'n*, 110 Wn.2d 114, 120, 750 P.2d 1240 (1988). In achieving that objective, "[t]he act must be construed as a whole, and effect should be given to all the language used. Also, all of the provisions of the act must be considered in their relation to each other, and, if possible, harmonized to insure proper construction of each provision." *State ex rel. Royal v. Board of Yakima County Comm'rs*, 123 Wn.2d 451, 459, 869 P.2d 56 (1994) (quoting *Tommy P. v. Board of County Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982)). If, after such analysis, "the language is susceptible of two constructions, one of which will carry out and the other defeat the manifest object, it should receive the former construction." *Roza Irrigation Dist.*, 80 Wn.2d at 638.

Preliminarily, we note that although the purpose of RCW 9A.16.110 is to establish a right on the part of a defendant in a criminal case to obtain reimbursement for

"(1) No person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself or herself, his or her family, or his or her real or personal property, or for coming to the aid of another who is in imminent danger of or the victim of assault, robbery, kidnapping, arson, burglary, rape, murder, or any other violent crime as defined in RCW 9.94A.030.

"(2) When a person charged with a crime listed in subsection (1) of this section is found not guilty by reason of self-defense, the state of Washington shall reimburse the defendant for all reasonable costs, including loss of time, legal fees incurred, and other expenses involved in his or her defense. This reimbursement is not an independent cause of action.

". . . .

"Nothing in this section precludes the legislature from using the sundry claims process to grant an award where none was granted under this section or to grant a higher award than one granted under this section." Laws of 1995, ch. 44.

certain defense costs when a trier of fact determines that the defendant has lawfully acted in self-defense, the statute does not define the specific mechanism by which the defendant is to receive reimbursement. RCW 9A.16.110 specifies only that: (1) in certain circumstances, "the state of Washington shall indemnify or reimburse [a] defendant"; (2) the award shall reimburse the defendant for certain, specified costs, which include loss of time and legal fees; (3) it is within the discretion of the judge in the criminal proceeding as to whether the determination of the award is made by the judge or jury; (4) reimbursement "is not an independent cause of action"; and (5) the defendant may resort to the sundry claims procedure, RCW 4.92.040, to seek from the Legislature a greater amount than was awarded by the trial court.

## A

With the foregoing principle in mind, and for ease of understanding, we first address the arguments advanced by the State and the City in opposition to Fontanilla's contention that RCW 9A.16.110 applies in this case. They contend that RCW 9A.16.110 has no application here, arguing that the statute is limited by another statute, RCW 9A.04.090, to cases where defendants are prosecuted for allegedly committing statutorily defined crimes. We examine this issue first, because if the State and City are correct in this regard, we need not address several of the other issues raised in this case.

The State and City are correct insofar as they observe that RCW 9A.04.090 establishes a general rule that RCW 9A.16.110 is "applicable to offenses defined by [Title 9A RCW] or another statute." They overlook, however, the fact that RCW 9A.04.090 contains an exception within it to the effect that the aforementioned general rule does not apply when "such other statute specifically provides otherwise."

In our judgment, RCW 9A.16.110 provides otherwise.

The plain language of that statute establishes that "[n]o person in the state shall be placed in legal jeopardy of any kind whatsoever for protecting by any reasonable means necessary, himself or herself." RCW 9A.16.110(1). For reasons we set forth below, we construe this language to mean that when a substantial question of self-defense is resolved by the trier of fact in favor of the defendant, reimbursement is not limited to costs and expenses the defendant incurs in defending against an offense defined only by state statute.

In reaching this conclusion, we rely on the following two concepts found in RCW 9A.16.110(1): (a) the statute's purpose is to insure that costs of defense shall befall "[n]o person in the state" if he or she acts in self-defense; and (b) reimbursement is available when such person incurs costs in defending against some kind of "legal jeopardy." With regard to the first concept, Fontanilla obviously is a "person." No one could reasonably contend otherwise. She is also a person "in the state," the word "state" clearly referring, in this context, to the state, in a geographical sense, as opposed to "the State of Washington," as a political entity.

The second concept, "legal jeopardy," is "well defined in case law relative to criminal proceedings." *State v. Joswick*, 71 Wn. App. 311, 314, 858 P.2d 280 (1993) (holding that legal jeopardy attaches when either a jury is impaneled or, in case of a bench trial, evidence is submitted). Moreover, in RCW 9A.16.110(1), the phrase "legal jeopardy" is expansively modified to include "legal jeopardy of any kind *whatsoever*." (Emphasis added.) Although the phrase "of any kind whatsoever" is not defined, we cannot accept the State's and City's interpretation, which essentially ignores these words and gives them no meaning. Such an interpretation would violate the precept we noted above, that we must give meaning to every word in a statute. With that principle in mind, we are satisfied that the Legislature intended this language to enlarge upon, rather than restrict, the meaning of "legal jeopardy."

In sum, we believe that the language of RCW 9A.16.110, particularly the use of the expansive phrase "of any kind whatsoever," evidences an intention by the Legislature that the reimbursement statute not be limited solely to cases where legal jeopardy is created by a violation of a statutorily defined offense. We hold, therefore, that RCW 9A.16.110 provides for reimbursement in any case where the trier of fact determines that the defendant acted in self-defense, regardless of whether the charged offense is defined by the Legislature or the legislative body of a political subdivision of the State.

## B

We next address the issue of whether the municipal court possesses the power under RCW 9A.16.110 to order the State or the City to reimburse Fontanilla. Fontanilla suggests that if, as we have concluded above, the statute applies in cases where a defendant is charged with a violation of a city ordinance, then the Legislature must have intended that municipal courts would have the power to order reimbursement of costs and expenses associated with her defense. She contends that any other interpretation would render the statute meaningless and would ignore what she claims is the municipal court's inherent power under RCW 9A.16.110 to order reimbursement from the State.

Fontanilla supports her assertion by arguing that RCW 9A.16.110, as a remedial statute,[5] should be broadly construed to effect the remedial purposes of the statute. Appellant's Br. at 12 (citing *Nucleonics Alliance, Local Union No. 1-369 v. WPPSS*, 101 Wn.2d 24, 29, 677 P.2d 108 (1984)). Alternatively, Fontanilla contends that the reference in the statute to "the state of Washington" includes political subdivisions, such as the City of Seattle.

---

[5]A remedial statute allows for restoration to defendants for losses caused by mistaken prosecutions, thus "afford[ing] a remedy, or better[ing] or forward[ing] remedies already existing for the enforcement of rights and the redress of injuries." *Haddenham v. State*, 87 Wn.2d 145, 148, 550 P.2d 9 (1976).

Thus, Fontanilla argues that if RCW 9A.16.110 does not require the State of Washington to reimburse her, then the duty should fall upon the City of Seattle, as a political subdivision of the State.

The State responds that RCW 9A.16.110 is not a remedial statute, arguing instead that the statute creates an entitlement, which is not to be construed liberally. *See Seattle v. State*, 100 Wn.2d 232, 241, 668 P.2d 1266 (1983). Furthermore, the State argues that even if the statute is remedial, it does not necessarily follow that it must be invoked against the State in this case because the State was not a party to the case against Fontanilla in municipal court. In response to Fontanilla's argument that the City should absorb the liability to reimburse her if the State is found to not have liability, the City points out that the statute plainly says that the "state of Washington," and not the City, is responsible for reimbursing the defendant.

1.

■■ We first address the question of whether a municipal court has power over an entity that is not a party in the case. Although it is hard to conceive of a situation where the State would be properly subject to the jurisdiction of a municipal court, given that court's limited jurisdiction, for purposes of this discussion we put aside the fact that the entity at issue is the State of Washington. We nonetheless hold that the municipal court is without authority to order an entity that is not a party to the litigation to do anything. That is what the municipal and superior courts concluded, and in that respect, they did not err. Our conclusion is consistent with the general rule that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Martin v. Wilks*, 490 U.S. 755, 761, 109 S. Ct. 2180, 104 L. Ed. 2d 835 (1989) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S. Ct. 115, 85 L. Ed. 22 (1940)).

As Fontanilla states in her brief to this court, there are "certain limited circumstances" where this general rule does not apply. Appellant's Br. at 18 (quoting *Martin*, 490 U.S. at 762 n.2). In *Martin*, the Supreme Court noted that in order for a judgment to be binding upon a nonparty, the interests of the nonparty must be adequately represented by a party with the same interests. Two such circumstances were identified by the Court as fulfilling this requirement. The first is when the nonparty is a member of a class involved in a class-action or representative suit. *Hansberry v. Lee*, 311 U.S. 32, 61 S. Ct. 115, 85 L. Ed. 22 (1940). The second is when the nonparty controls the litigation on behalf of one of the parties in the litigation. *Montana v. United States*, 440 U.S. 147, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979). Neither of these circumstances is present here. In the absence of a compelling reason to recognize Fontanilla's situation as analogous to the two circumstances identified by the United States Supreme Court, we reject Fontanilla's argument that an exception to the general rule that a judgment is binding upon only the parties to a case should apply here.

2.

With regard to whether the municipal court may, under RCW 9A.16.110, impose a duty upon a city to pay the defendant's cost of defense, we look to the plain language of the statute for an answer. The fact that the municipal court cannot order the State of Washington to reimburse Fontanilla for the expenses she incurred in defending herself in municipal court does not alter the language of the statute to require such reimbursement by the City. We are satisfied that the Legislature knows the difference between the City and the State. Indeed, it has demonstrated that when it wishes to include political subdivisions within the scope of a statute, it can so indicate clearly. *See, e.g.*, RCW 9A.48.070 (distinguishing "state" from "a political subdivision thereof").

Fontanilla cites several cases for the proposition

that the Legislature intended the reference to "state of Washington" in RCW 9A.16.110(2) to be interpreted "in a generic sense," and thus include political subdivisions of the State of Washington. None of these cases is persuasive. In the cases cited by Fontanilla, the phrase that was analyzed and found to be employed in a generic sense was "the state." *See Group Health Coop. v. Department of Revenue*, 106 Wn.2d 391, 402, 722 P.2d 787 (1986) (reference in RCW 82.04.431 to compensation of "positions within the public service of *the state*") (emphasis added); *State v. Durham*, 87 Wn.2d 206, 211, 550 P.2d 685 (1976) (reference in CrR 7.7(e) that "counsel shall be provided at *the state's* expense") (emphasis added); *County of Spokane v. Gifford*, 9 Wn. App. 541, 542-43, 513 P.2d 301 (reference in Court of Appeals Rules on Appeal 14 and 46 regarding for what reason and when "[i]n criminal cases the *state* may appeal"), *review denied*, 83 Wn.2d 1004 (1973). The phrase with which we are here concerned, "the state of Washington," was not the object of review in any of these cases. That, in our judgment, is a more specific reference than simply "the state," which can be considered synonymous with "the government." Significantly, no case holding that the phrase "the state of Washington" includes or refers to political subdivisions is cited by any party. We conclude, therefore, that because the statute specifies that the State of Washington is the source from which reimbursement is to come, and the statute does not refer to any political subdivision thereof, it is the State that is the appropriate source of any reimbursement.

## II

Finally, we address Fontanilla's alternative assertion that affirmance of the municipal court's decision, which she contends "exclude[s] municipal court defendants from reimbursement," would bring RCW 9A.16.110 into a collision with the equal protection clause of the United States Constitution because "such a classification has no rational relationship to the purpose of the legislation." Appellant's

Reply Br. at 14. She apparently suggests that to avoid this asserted unconstitutional result, this court must construe the statute to permit municipal courts to order reimbursement from the State. Appellant's Reply Br. at 22.

 Because Fontanilla does not argue that either a fundamental right or a suspect class is implicated in this case, her assertion is appropriately subjected to a rational basis review. *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). Under this level of scrutiny, a legislative classification will be upheld "unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives." *Coria*, 120 Wn.2d at 171 (quoting *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 431, 799 P.2d 235 (1990)). The burden is on the party challenging the classification to show that it is "purely arbitrary." *Coria*, 120 Wn.2d at 172 (quoting *Omega*, 115 Wn.2d at 431).

Fontanilla's assertion that RCW 9A.16.110 violates the equal protection clause of the United States Constitution relies on the premise that if the municipal court's decision is affirmed, then all of her means of obtaining relief under the statute have been foreclosed. *See* RCW 9A.16.110(2) (Reimbursement is not a separate cause of action.). Fontanilla misses the fact that the statute permits a defendant who is acquitted on grounds of self-defense to submit a claim to the Legislature pursuant to RCW 4.92.040, which is referred to as the "sundry claims process." Although this remedy may not provide prompt relief to a municipal court defendant because it requires him or her to first file a claim with the risk management office of the Department of General Administration, and then wait until the Legislature acts on it at the ensuing legislative session, it is a remedy nonetheless. Indeed, it is a remedy that is as effective as most judgments against the state.[6]

 The existence of the sundry claims process as a rem-

---

[6]Fontanilla may submit a claim to the Legislature to be reimbursed for her "loss of time, legal fees, or other expenses" involved in defending against the charge of assault in municipal court. RCW 9A.16.110(2). In support of her claim, she could include the trial court's findings of fact to the effect that the jury found that she had acted in self-defense, thus satisfying the requirements of

edy renders invalid Fontanilla's claim that the statute violates the equal protection clause of the United States Constitution. We reach this conclusion because Fontanilla's equal protection argument is valid only if she has no remedy, or if there was no rational basis for requiring her to seek her remedy in a manner that is different from that which is available to defendants who are charged with an offense under a statute. As we have noted above, Fontanilla has a method of obtaining reimbursement from the State — the sundry claims process. She offers no argument to the effect that it is "purely arbitrary" to require a defendant, like her, who successfully defends against an alleged violation of a municipal ordinance to obtain reimbursement by a means different from that available to a defendant who successfully defends against an allegation that he or she committed a statutorily defined crime. Indeed, in light of our finding that the municipal court lacks power to order reimbursement from the State, it is clear that municipal court defendants cannot employ the same method to obtain reimbursement under RCW

RCW 9A.16.110, and that she incurred certain costs in defending herself at trial. The trial court's findings are not a judgment, however, which the Legislature is required to honor pursuant to RCW 4.92.040(3). Fontanilla's claim would be thus subject to RCW 4.92.040(5), which affords the Legislature a degree of discretion in the consideration of sundry claims.

Because the trial court's findings in Fontanilla's case are not a judgment, her claim would be subject to the provisions of RCW 4.92.040(5), which provides for a different procedure than the procedure that the Legislature follows in considering a sundry claim supported by a judgment, RCW 4.92.040(2)-(4). Except for judgments in actions arising out of tortious conduct, which "shall be paid from the tort claims revolving fund," RCW 4.92.040(2), the Legislature's ability to pay other claims is dependent upon its having appropriated sufficient funds for those purposes. Thus, the Legislature has at least some discretion in determining whether such claims shall be paid. See RCW 4.92.040(1) ("No execution shall issue against the state on any judgment."). Similar to the discretion that a superior court possesses under RCW 9A.16.110, the Legislature, arguably, has the discretion to determine the amount of "reasonable costs," if any, to pay on a sundry claim, as well as the method of calculating the appropriate amount to pay. RCW 9A.16.110(2). See, e.g., Fisher Properties v. Arden-Mayfair, Inc., 115 Wn.2d 364, 375-78, 798 P.2d 799 (1990) (historical or current hourly rate may be used to calculate attorney fee); Allard v. First Interstate Bank, 112 Wn.2d 145, 148-52, 768 P.2d 998, 773 P.2d 420 (1989) (contingent fee not determinative, but terms of such an arrangement may be considered); Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 593-601, 675 P.2d 193 (1983) (discussing the "lodestar" method of calculating a reasonable attorney fee).

9A.16.110 from the State. This being the case, there is a rational basis for distinguishing between defendants such as Fontanilla and others who successfully defend against statutorily defined charges in superior court. Fontanilla's argument that RCW 9A.16.110 violates the equal protection clause of the United States Constitution, therefore, fails.

### III

We conclude that the King County Superior Court did not err in affirming the municipal court's denial of Fontanilla's motion for reimbursement. Because Fontanilla does not prevail on appeal, she is not entitled to recover attorney fees incurred at superior court and at this court.

Affirmed.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN and TALMADGE, JJ., concur.

PEKELIS, J.* (concurring) — As the majority goes through each step of its analysis, I am satisfied with each conclusion. However, the ultimate result is not at all satisfactory and could not have been intended by the Legislature. Nevertheless, because we have no way of knowing what was intended by its conflicting and inconsistent parts, I must concur in the majority's analysis. I write separately to emphasize that there is an inconsistency that the Legislature must address if it wishes to give plaintiffs something more substantial than the hollow victory won by Fontanilla.

As the majority correctly concludes, by using such expansive language as "no person in the state shall be placed in legal jeopardy of any kind whatsoever," RCW 9A.16.110 extends the reach of the statute to all cases where a person establishes a self-defense claim that is up-

---

*Justice Rosselle Pekelis is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a) (amend. XXXVIII).

held by the fact finder. In other words, the Legislature intends this to apply not only to statutorily defined offenses but to municipal offenses as well.

Yet, the majority also correctly concludes that the statute provides that the State—not the city or other subdivision of the State—is responsible for reimbursing such persons. However, since RCW 9A.16.110 clearly states that the reimbursement relief may not be obtained in a separate, independent action, persons like Fontanilla, tried in municipal court, have no effective remedy under *this* statute[7] because the municipal judge has no jurisdiction over the State.

We thus have an anomalous result where the statute gives with one hand what it takes away with the other. If the Legislature wishes to offer relief to all persons who successfully establish a self-defense claim, it must provide for a remedy that is meaningful.

---

[7]The fact that Fontanilla can avail herself of the sundry claims statute provides little solace. The fact remains that the purported expansive reach of *this* statute is belied by the requirements of the statute itself.