26 P.3d 931 (2001)
144 Wash.2d 292
KITSAP COUNTY and City of Bremerton, Appellants,
v.
Joanne MOORE, Director, Office of Public Defense, Respondent.
No. 70119-9.
Supreme Court of Washington, En Banc.
Argued March 29, 2001.
Decided July 19, 2001.
*932 Kevin Michael Howell, Port Orchard, Pamela Loginsky, Olympia, for Appellants.
Honorable Christine Gregoire, Attorney General, James Kendrick Pharris, Asst., Olympia, for Respondent.
CHAMBERS, J.
Indigent defendants have a right to appointed counsel on appeal from courts of limited jurisdiction to superior court. Traditionally, local governments pay those fees, as well as the other costs of representation. Kitsap County and the City of Bremerton (Kitsap and Bremerton) are seeking a writ of mandamus requiring the director of the Office of Public Defense to reimburse those expenses incurred since 1996 and requiring a commitment to pay those expenses in the future. Kitsap and Bremerton contend RCW 4.88.330 demonstrates a legislative intent to commit the state (as opposed to the local governments) to pay for appeals to superior court under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). We conclude that the Legislature did not intend to bind the state to pay the cost of appeals unknown to the Legislature at the time the legislation was passed. We therefore deny the requested writ of mandamus.

ISSUE
The issue before this Court is whether the state or the local government is responsible for attorney fees and other costs incurred when indigent defendants appeal decisions of courts of limited jurisdiction to superior courts under the RALJ.

STATEMENT OF THE CASE
Kitsap and Bremerton contend that the state, not local governments, should pay the costs of indigent misdemeanant appeals. To better explain Kitsap and Bremerton's arguments we must explain the relevant procedural and statutory history. In 1963, the United States Supreme Court stated clearly that indigent criminal defendants have the constitutional right to be provided an attorney on their first appeal as of right. Douglas v. California, 372 U.S. 353, 355-58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In 1965, the Washington Legislature enacted RCW 10.01.112, perhaps in an effort to meet the state's obligation under Douglas. RCW 10.01.112 provided that the state itself would pay the fees and costs of an indigent criminal defendant on appeal to the state court at the discretion of the trial judge. (RCW 10.01.112 predated the establishment of the Court of Appeals in 1969, and thus made no provision for payment of attorney fees at that level.) In 1970-71, the statute underwent changes not relevant here. Finally, in 1975, it was recodified in its final form, and currently reads:
When a party has been judicially determined to have a constitutional right to obtain a review and to be unable by reason of poverty to procure counsel to perfect the review all costs necessarily incident to the proper consideration of the review including preparation of the record, reasonable fees for court appointed counsel to be *933 determined by the supreme court, and actual travel expenses of counsel for appearance in the supreme court or court of appeals, shall be paid by the state. Upon satisfaction of requirements established by supreme court rules and submission of appropriate vouchers to the clerk of the supreme court, payment shall be made from funds specifically appropriated by the legislature for that purpose.
RCW 4.88.330.
At the time of the adoption of this statute, it applied only to review by the Supreme Court and the Court of Appeals. Courts of limited jurisdiction were not courts of record and relief from their decisions was by trial de novo in superior court. The county or city paid the expense associated with a trial de novo. See generally State v. Badda, 66 Wash.2d 314, 402 P.2d 348 (1965). In 1980, the Legislature recodified much of the law governing courts of limited jurisdiction. See generally City of Seattle v. Hesler, 98 Wash.2d 73, 76, 653 P.2d 631 (1982).
The passage of chapter 3.02 RCW, which authorizes this Court to promulgate the RALJ, caused significant changes to the system of review; instead of receiving trials de novo in superior court and appeals as of right to the Court of Appeals, defendants receive review as of right in only superior court, and only of the record. RALJ 9.1.[1] Further review is available, but is discretionary. RALJ 9.1(h).
In 1996, the final relevant statutory change was made to the system of criminal appeals; the Legislature enacted chapter 2.70 RCW, creating the Office of Public Defense:
In order to implement the constitutional guarantee of counsel and to ensure the effective and efficient delivery of the indigent appellate services funded by the state of Washington, an office of public defense is established as an independent agency of the judicial branch.
RCW 2.70.005. The director of the Office of Public Defense, currently Joanne Moore, Respondent in this matter, is appointed by the Supreme Court and serves at its pleasure.
Although the RALJ have been with us since 1981, Kitsap and Bremerton urge that the failure of the state to reimburse counties and cities has been an oversight. Kitsap and Bremerton argue that the Legislature intended to be broad and inclusive in 1975 when it agreed to pay for the appeals of indigent accused to the Supreme Court and Court of Appeals. It was the Legislature's intent, according to Kitsap and Bremerton, to cover any expansion of review and therefore avoid the need for the Legislature to act each time review was extended to a new court or class of indigents. Accordingly, Kitsap and Bremerton filed a claim with the state for reimbursement of expenses associated with indigent appeals incurred since 1996. When their request was denied they sought a writ of mandamus. This Court referred the request to the Thurston County Superior Court where the writ was denied. Kitsap and Bremerton sought review of the superior court decision that this Court accepted.

DISCUSSION
The main thrust of Kitsap and Bremerton's argument is that the statute is unambiguous, and therefore this Court should give it a plain reading. Under this approach, Kitsap and Bremerton argue, the statute reduces to two elements: (1) a constitutional right of review[2] and (2) indigence. RCW *934 4.88.330. Once those threshold requirements are met, Kitsap and Bremerton argue, the state has obligated itself to pay costs and fees. Since defendants have a constitutional right of appeal from a court of limited jurisdiction, see Wash. Const. art. I, § 22, they reason, the statutory requirements have been met.
However, we find this statute to be ambiguous, as it is amenable to two reasonable interpretations: that the State will bear the cost of constitutionally required review at the Court of Appeals and the Supreme Court, or, alternately, that the State will bear the cost of any appeal. We therefore will look to the statutory scheme for guidance. See King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 91 Wash.App. 1, 16, 951 P.2d 1151 (1998), aff'd in part, rev'd in part on other grounds, 138 Wash.2d 161, 979 P.2d 374 (1999); In re Sehome Park Care Ctr., Inc., 127 Wash.2d 774, 778, 903 P.2d 443 (1995); S. Martinelli & Co. v. Dep't of Revenue, 80 Wash.App. 930, 939, 912 P.2d 521 (1996). In the interpretation of a statute, the intent of the Legislature is the vital goal; the object is to ascertain and give effect to that intent. Featherstone v. Dessert, 173 Wash. 264, 268, 22 P.2d 1050 (1933). In doing so, we avoid a literal reading if it would result in unlikely, absurd or strained consequences. Alderwood Water Dist. v. Pope & Talbot, Inc., 62 Wash.2d 319, 321, 382 P.2d 639 (1963).
We therefore read RCW 4.88.330 in the context of the overall legislative scheme for payment of court related expenses. See also Hallauer v. Spectrum Prop., Inc., 143 Wash.2d 126, 146, 18 P.3d 540 (2001) ("The principle of reading statutes in pari materia applies where statutes relate to the same subject matter.") The legislative scheme places the responsibility for municipal and district court expenses on the local political subdivisions. The state and counties share the expenses of superior courts, and the state pays the expenses of the Supreme Court and Courts of Appeals. In 1975, when this statute was enacted, there was no appellate review of courts of limited jurisdiction in superior court, so it seems highly unlikely the Legislature contemplated funding for such review. More likely, the Legislature did not intend to bind the state to pay for appeals it knew not of.
The advisory committee created by RCW 2.70.030 to establish the Office of Public Defense has representatives from the Supreme Court and Court of Appeals, but representatives from the superior courts and courts of limited jurisdiction are conspicuously absent. There is no evidence that when adopting chapter 3.02 RCW (permitting adoption of RALJ) and chapter 2.70 RCW (creating the Office of Public Defense) the Legislature increased appropriations for indigent appeals. We conclude from a reading of these statutes in harmony that the Legislature did not intend RCW 4.88.330 to expand the state's obligation to pay for RALJ appeals. Reasonably, RCW 4.88.330 should be limited to its own terms; that the state will pay fees and costs in the Supreme Court and the Court of Appeals. These are quintessentially state courts, sitting over large portions of the state.
Legislative history is also instructive. There is some evidence from the floor debate that the Legislature had no intention of applying RCW 4.88.330 to cover any costs accrued in superior courts. Representative Eikenberry inquired whether the costs granted by the superior court would be reviewed by the county commissioners. In response, Representative Rick Smith, floor manager of the bill, stated:
That is the situation in superior court, but this bill only deals with the appellate court and the fees are determined by the clerk. I believe the clerk of the Supreme Court approves the fees, or the Supreme Court does, for both the court of appeals and the Supreme Court.
House Journal, 44th Leg. 1844 (Wash.1975).
A reasonable inference from this exchange is that the Legislature intended RCW 4.88.330 to only deal with the state appellate court system as it existed at that time: the newly established Court of Appeals and the Supreme Court.
While this is a case of first impression, this Court has interpreted RCW 4.88.330 before. See State v. Durham, 87 Wash.2d 206, 550 *935 P.2d 685 (1976). Like this case, Durham involved the intersection of a court rule with RCW 4.88.330, former CrR 7.7, the rule that once governed postconviction collateral relief.[3] The question before the Court in Durham was whether the state was obligated under RCW 4.88.330 to pay counsel fees for indigent defendants at that postconviction hearing, or were those fees to come out of the county budget. Durham, 87 Wash.2d at 207, 550 P.2d 685. However, Durham is not on all fours with the instant case. There, this Court pointed out that the hearing below was, in fact, a trial de novo and not an "appeal" or "review"[4] as contemplated by RCW 4.88.330. Therefore, while Durham supports the view that the Legislature did not intend to pay from the state treasury for review from courts of limited jurisdiction it can also be distinguished, and we do not ground our conclusion on Durham.
A review of the relevant statutes, together with legislative history, leads us to conclude that the Legislature did not intend RCW 4.88.330 to extend to the costs of RALJ appeals from courts of limited jurisdictions to superior courts. We affirm the trial court and deny the writ of mandamus.
ALEXANDER, C.J., SMITH, JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE and OWENS, JJ., concur.
NOTES
[1] See also 4B Lewis H. Orland & Karl B. Tegland, Washington Practice: Rules Practice, RALJ 1.1, at 212 (5th ed.1997).

Prior to 1980, review of the decisions of courts of limited jurisdiction was by a de novo trial in the superior courts. In 1980, a new review system was authorized for most of the courts[.]
Under the new system, review of proceedings had in these courts of limited jurisdiction, the legislature provided, "shall be by the superior court, the procedure for which may be established by supreme court rule." RCW 3.02.020. The legislators were aware that the proposed court rules would provide for review on the record in a manner similar to the review of superior court matters by the appellate courts.
[2] The Washington Constitution speaks of a right to appeal. Wash. Const. art. I, § 22. RCW 4.88.330 and chapter 3.02 RCW speak of "review." The RALJ speak of "appeal." No argument has been raised that there is an underlying difference in the meaning of these terms, and they have been used interchangeably in our law.
[3] CrR 7.7 (superseded by RAP 16.4), allowed a petitioner to file a petition for postconviction relief with the chief judge of the Court of Appeals. Former CrR 7.7(a); see generally State v. Harper, 64 Wash.App. 283, 292, 823 P.2d 1137 (1992). If the chief judge found the petition to be nonfrivolous, it was transferred to superior court for a hearing on the merits. Former CrR 7.7(a), (b). The petitioner was entitled to counsel at public expense if indigent. Former CrR 7.7(e).
[4] The Washington Constitution speaks of a right to appeal. Wash. Const. art. I, § 22. RCW 4.88.330 and chapter 3.02 RCW speak of "review." The RALJ speak of "appeal." No argument has been raised that there is an underlying difference in the meaning of these terms, and they have been used interchangeably in our law.