136 P.3d 131 (2006)
133 Wash.App. 386
George Wynn COLBY, Appellant,
v.
YAKIMA COUNTY, Washington, Respondent.
No. 24020-7-III.
Court of Appeals of Washington, Division 3.
June 6, 2006.
*132 Rickey C. Kimbrough, Rick Kimbrough Law Office, Grandview, for Appellant.
Lawrence A. Peterson, Yakima Prosecuting Attorney's Office, Yakima, for Respondent.
KATO, J.
¶ 1 George Wynn Colby is a former Yakima County District Court judge. He was required to resign his position pursuant to a stipulated agreement with the Washington State Commission on Judicial Conduct (Commission). Mr. Colby sued Yakima County (County) for failing to provide him with legal representation at public expense and to recover expenses he incurred while defending against the Commission's disciplinary proceeding. The court granted summary judgment dismissal of the complaint. We affirm.
¶ 2 Between 1997 and 1998, the Commission received several complaints that Mr. Colby had violated various canons of the Code of Judicial Conduct (CJC). During the Commission's investigation, Mr. Colby contacted the County's chief civil deputy prosecuting attorney, Ronald Zirkle, to request payment from the County for costs incurred in defending against the disciplinary proceedings. The County refused to pay for his legal representation.
¶ 3 On November 30, 2000, Mr. Colby entered into a stipulated agreement and order of censure with the Commission. As part of the agreement, he stipulated to several CJC violations. He was further required to resign from his district court position.
¶ 4 Mr. Colby sued the County, claiming it had a legal obligation to provide him with representation in the judicial discipline proceeding at its expense. The trial court granted summary judgment dismissal so the County was not liable for expenses incurred by Mr. Colby in the disciplinary proceeding. This appeal follows.
¶ 5 We review an order of summary judgment de novo, applying the same standard as the trial court. City of Seattle v. Mighty Movers, Inc., 152 Wash.2d 343, 348, 96 P.3d 979 (2004). Summary judgment is appropriate "`if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting CR 56(c)). Because the facts *133 here are undisputed, our inquiry is whether summary judgment was properly granted as a matter of law. Id.
¶ 6 Mr. Colby claims he was entitled to legal representation at public expense in his judicial disciplinary proceeding. He argues the County was required by RCW 4.96.041 to provide him with a defense or defense costs.
¶ 7 Statutory and municipal code interpretation is a question of law. Eugster v. City of Spokane, 115 Wash.App. 740, 745, 63 P.3d 841 (2003). Our review is therefore de novo. State v. Keller, 143 Wash.2d 267, 276, 19 P.3d 1030 (2001), cert. denied, 534 U.S. 1130, 122 S.Ct. 1070, 151 L.Ed.2d 972 (2002). "We must construe legislative enactments to carry out their manifest intent." Eugster, 115 Wash.App. at 745, 63 P.3d 841 (citing City of Seattle v. Fontanilla, 128 Wash.2d 492, 498, 909 P.2d 1294 (1996)). The statute must be read as a whole, giving effect to all its terms and harmonizing related provisions wherever possible. Id.
¶ 8 RCW 4.96.041(1) provides:
Whenever an action or proceeding for damages is brought against any past or present officer, employee, or volunteer of a local governmental entity of this state, arising from acts or omissions while performing or in good faith purporting to perform his or her official duties, such officer, employee, or volunteer may request the local governmental entity to authorize the defense of the action or proceeding at the expense of the local governmental entity.
The local governmental entity may create a procedure to determine whether the acts or omissions were within the scope of official duties or in good faith purported to be within those duties. RCW 4.96.041(2). If they were, the request will be granted and the "necessary expenses of defending the action or proceeding shall be paid by the local governmental entity." Id.
¶ 9 Chapter 2.98 of the Yakima County Code (YCC) is the Yakima indemnification policy implementing RCW 4.96.041. YCC 2.98.030 states:
Whenever an action or proceeding for damages is brought against any officer, official, agent or employee of Yakima County where it has been determined by the prosecuting attorney that such action or proceeding arose from acts or omissions while performing or in good faith purporting to perform his or her official duties and when such officer, official, agent or employee has requested defense of the action or proceeding at the expense of the county, the board of county commissioners shall be deemed to have granted such a request. The necessary expenses of defending the action or proceeding by the prosecuting attorney shall be paid by the county and any final money judgment against said officer, official, agent or employee shall be paid by the county.
Clerk's Papers (CP) at 206. This provision, however, is subject to the limitations of YCC 2.98.040, which expressly state "[l]egal services will not be provided to officers or employees of the county to defend a charge of official misconduct or to defend the right to hold office. Official misconduct is not intended to include action taken in the good-faith belief that it is legally authorized or required." CP at 207.
¶ 10 Mr. Colby argues that the term "action" in RCW 4.96.041 applies to proceedings initiated by the Commission. But when the statute and ordinance are read as a whole, both RCW 4.96.041 and YCC 2.98.040 plainly apply only to an action or proceeding for damages. A judicial disciplinary proceeding is not one for damages. See CONST. art. IV, § 31(4).
¶ 11 Furthermore, YCC 2.98.040(c) specifically states that legal services will not be provided to defend a charge of official misconduct. The allegations against Mr. Colby that were investigated by the Commission involved violations of several canons of the CJC. The County's prosecuting attorney determined Mr. Colby's actions as alleged in the disciplinary proceeding were not in good faith performed within the scope of his judicial duties. Through its prosecuting attorney, the County had direct legislative authority to make this determination. RCW 4.96.041(2); see also YCC 2.98.030. It is not *134 this court's function to second guess the prosecuting attorney's determination following such delegation of legislative authority. See Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n, 83 Wash.2d 523, 529, 520 P.2d 162 (1974).
¶ 12 Mr. Colby next contends he was entitled to legal representation under the Washington Counties Risk Pool Joint Self-Insurance Liability Policy (WCRP), which provides for the payment of defense costs for claims brought against elected and appointed officials in any disciplinary proceeding. Our review of the interpretation given to the language of an insurance policy is also de novo. Butzberger v. Foster, 151 Wash.2d 396, 401, 89 P.3d 689 (2004). An insurance policy's language is given the same reasonable and sensible construction as would be given by the average person buying insurance. Id. at 401, 89 P.3d 689. We may not modify an insurance contract if the policy language is clear and unambiguous. Kitsap County v. Allstate Ins. Co., 136 Wash.2d 567, 576, 964 P.2d 1173 (1998).
¶ 13 The WCRP provides in pertinent part:
B. . . . [S]ubject to all of the other terms and conditions of this policy, the Pool shall pay defense costs in the following limited instances:
. . . .
3. with respect to superior and district court judges, court commissioners, county attorneys and local health officers:
a. claims, petitions or charges brought against the insureds in any disciplinary proceedings.
CP at 98.
This policy shall insure:
. . . .
B. Subject to and conditioned upon authorization by the member county, as provided in RCW 4.96.041 and the member county's implementing ordinance or resolution, all past and present employees, elected and appointed officials, and volunteers, whether or not compensated, while acting or in good faith purporting to act within the scope of their official duties for the member county or on its behalf, including, but not limited to, all commissions, agencies, districts, authorities, boards (including the governing board) or similar entities which operate under the member county's supervision or control.
CP at 99.
4. It is a condition of coverage under this policy that any person or organization which is defined as an insured under Section 2(B) apply for and be granted, under the provisions of RCW 4.96.041 and the member county's implementing ordinance or resolution, approval of that person's or organization's request to authorize defense at the expense of the member county (with respect to the duty to defend under this policy) and approval of payment of any related monetary judgment (with respect to the duty to indemnify under this policy.)
CP at 106-07.
¶ 14 Although the WCRP allows defense costs in disciplinary proceedings, the policy unambiguously provides that it is further subject to and conditioned upon the provisions of RCW 4.96.041 and the YCC, which implements the statute. Both the statute and the YCC require that the action or proceeding be one for damages arising from acts or omissions while in good faith performing official duties. Mr. Colby's disciplinary proceeding neither involved damages nor arose from acts while in good faith performing his judicial duties. Moreover, the YCC specifically excludes legal services to defend a charge of official misconduct. He was not entitled to coverage under the WCRP for legal fees and costs incurred in defending against the disciplinary proceeding.
¶ 15 Mr. Colby further contends the County should pay for his legal representation because it previously authorized and paid defense costs for the director of the Yakima County Department of Assigned Counsel in a disciplinary proceeding before the Washington State Bar Association. His argument is unpersuasive.
¶ 16 The record reflects that between 1993 and 1994, the County provided legal representation for the director of the Department of Assigned Counsel in a federal lawsuit. The plaintiff was a disgruntled former county employee, who had been under the director's *135 supervision. The same plaintiff was the complaining party in the disciplinary proceeding. The County also provided the director with legal representation in that proceeding because the county prosecuting attorney determined the director had performed in good faith his official duties.
¶ 17 To the extent Mr. Colby argues he and the director are similarly-situated parties, he is incorrect. His situation is distinguishable. The prosecuting attorney specifically determined that the actions at issue in Mr. Colby's disciplinary proceeding were not in good faith performed within the scope of his official duties. This determination precluded Mr. Colby from obtaining legal representation at public expense. The court did not err by granting summary judgment in favor of the County.
¶ 18 Affirmed.
WE CONCUR: SWEENEY, C.J., and KULIK, J.