[Nos. 17383-2-II; 17399-9-II. Division Two. March 22, 1996.]

S. MARTINELLI & COMPANY, INC., *Appellant*, v. THE
DEPARTMENT OF REVENUE, *Respondent*.

*Mark R. Roberts, Clark J. Davis,* and *Davies Pearson, P.C.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Donald F. Cofer, Assistant,* for respondent.

HOUGHTON, A.C.J. — S. Martinelli and Company (Martinelli) and the Washington Department of Revenue (DOR) appeal from the trial court's grant of a partial summary judgment to each party on different provisions of the State excise tax statute. The trial court determined that Martinelli's sparkling, 100 percent fruit juices were "carbonated beverages" subject to the carbonated beverage tax, RCW 82.64. The trial court also determined that the same juices were not "carbonated beverages" under RCW 82.12, the use tax. We conclude that Martinelli's sparkling juices are "carbonated beverages" and taxable under both the carbonated beverage tax, RCW 82.64, and the use tax, RCW 82.12. Therefore, we reverse on the use tax and affirm on the carbonated beverage tax.

## FACTS AND PROCEDURAL HISTORY

On June 29, 1992, Martinelli filed a tax assessment appeal pursuant to RCW 82.32.180. The appeal challenged the DOR's assessment for the years 1989 and 1990 of (1) $128 for use tax pursuant to RCW 82.12 on Martinelli's "sparkling juices" and (2) $19,304 for carbonated beverage tax pursuant to RCW 82.64 and WAC 458-20-255 on Martinelli's "sparkling juices." Martinelli paid the assessed taxes under protest on September 23, 1991.

On April 12, 1993, Martinelli moved for summary judgment, attaching the declaration of the company president, Stephen C. Martinelli (SCM). SCM testified that Martinelli is an apple processing business, primarily producing undiluted apple juice and cider; however, the products relevant to this case are its *sparkling* apple, apple-cranberry, apple-raspberry, and apple-boysenberry juices and *sparkling* apple cider. SCM maintained that "producing bottled juices from fresh apples" and "manufacturing carbonated beverages from acidified syrups and carbonated water" are different processes. SCM also testified that other states have concluded either that its products were "tax exempt food products" or were not "carbonated beverages" under their returnable bottle acts.

The DOR did not dispute the factual assertions made by SCM in his declaration or by Martinelli in its motion; however, the DOR did question the relevance of most of the asserted facts. The DOR argued that the only relevant facts were that Martinelli's products (1) are nonalcoholic, (2) are liquids intended for human consumption, and (3) contain carbon dioxide. The DOR alleged that Martinelli did not dispute these facts.

The DOR further argued that the use tax was applicable to the samples that Martinelli distributed in Washington. Martinelli claimed to be a "food product" exempt from the use tax under RCW 82.12.0293, which states:

> "Food products" include all fruit juices, vegetable juices, and other beverages except bottled water, spirituous, malt or vinous liquors or carbonated beverages, whether liquid or frozen.

The DOR analyzed the structure of this sentence, concluding that carbonated fruit juices are taxable under the use tax as "carbonated beverages."

Martinelli replied arguing that (1) the ordinary meaning of "carbonated beverage" in the soda industry refers to "soda pop"; (2) its 100 percent fruit juices are "fruit product[s]" within the RCW 82.12.0293 exemption; and (3) other jurisdictions have construed similar language to exempt its products.

On May 7, 1993, the trial court granted summary judgment in favor of Martinelli, concluding that under both RCW 82.12 and RCW 82.64, its sparkling fruit juices were not "carbonated beverages." The DOR filed a motion for reconsideration on May 17, 1993. The trial court granted the DOR's motion for reconsideration on June 28, 1993, and vacated its previous order.

On reconsideration, the trial court concluded that the use tax should be analyzed independently of the carbonated beverage tax, and that "the ordinary meaning of the term 'carbonated beverage' does not include an undiluted carbonated fruit juice. Therefore, Martinelli Sparkling

Juice products are not 'carbonated beverages' within the meaning of RCW 82.12.0293(1) [the use tax] and are exempt 'food products' not subject to taxation under chapter 82.12 RCW."

The trial court also concluded on reconsideration that "the statutory definition of 'carbonated beverage' in RCW 82.64.010(1) [the carbonated beverage tax] unambiguously includes an undiluted carbonated fruit juice. Therefore, Martinelli Sparkling Juice products are 'carbonated beverages' within the meaning of RCW 82.64.020 and are subject to taxation under chapter 82.64 RCW."

Both parties appealed their respective adverse rulings and the appeals were consolidated.

## ANALYSIS

■ When reviewing a summary judgment, this court engages in the same inquiry as the trial court. *Commodore v. University Mechanical Contractors, Inc.*, 120 Wn.2d 120, 123, 839 P.2d 314 (1992). Summary judgment can be granted only "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Commodore*, 120 Wn.2d at 123. Neither party contends that there is a factual dispute in this case. Both parties agree that the only issue before this court is the meaning of the term "carbonated beverage" in RCW 82.12 and 82.64. Statutory construction is a question of law, to be reviewed de novo. *State v. Joswick*, 71 Wn. App. 311, 315, 858 P.2d 280 (1993) (additional citations omitted).

## A. Martinelli's Appeal

Martinelli contends that RCW 82.64, the carbonated beverage tax, is not applicable to its sparkling 100 percent fruit juices because the ordinary meaning of "carbonated beverages" is "soda pop," which cannot include beverages

that are 100 percent fruit juice. Pursuant to former RCW 82.64.020, a tax is imposed "on the privilege of possession on a carbonated beverage or syrup in this state."[1] " 'Carbonated beverage' has its ordinary meaning and includes any nonalcoholic liquid intended for human consumption which contains carbon dioxide, whether carbonation is obtained by natural or artificial means." RCW 82.64.010(1). A syrup is a "concentrated liquid which is added to carbonated water to produce a carbonated beverage." RCW 82.64.010(3).

Martinelli contends that the statutory definition of "carbonated beverage" is ambiguous because the ordinary meaning is not so broad as the statutory definition. In support of its argument, Martinelli asserts that the ordinary meaning of "carbonated beverage" is "soda pop," and does not include undiluted 100 percent fruit juices because fruit juice is not "soda pop."

Martinelli refers to several sources to support its ordinary definition of "carbonated beverage." First, Martinelli argues that Federal Food and Drug Administration (FDA) regulations, adopted by the State in RCW 69.04.200, distinguish its juices from "beverages" in food labeling rules, under which the term "beverage" cannot be used to describe products that are not 100 percent pure juice. Second, Martinelli asserts that the FDA and the soft drink industry use the terms "soda water," "soft drink," and "carbonated beverage" interchangeably.[2] Third, Martinelli asserts that several encyclopedias use the terms interchangeably. Finally, Martinelli asserts that other states have determined that its products are not "carbonated

---

[1] Pursuant to the 1991 amendment to RCW 82.64.020, a tax is now imposed on "each sale at wholesale of a carbonated beverage or syrup." *See* Laws of 1991, ch. 80, § 1.

[2] As evidence of industry practice, Martinelli refers to information attached to SCM's declaration, containing industry symposium notes, technical manual excerpts, excerpts from historical texts on the industry, industry magazine articles, and industry production batch information.

beverages."[3] Based on these sources, Martinelli concludes that the definition of "carbonated beverage" in RCW 82.64 is ambiguous because the ordinary meaning and the subsequent statutory definition cannot be reconciled.[4] We disagree.

■ The trial court's determination that Martinelli's sparkling 100 percent fruit juices (1) are nonalcoholic, (2) intended for human consumption, and (3) contain carbon dioxide, under the statutory definition and, therefore, are subject to taxation under RCW 82.64, is a correct application of the statute. Indeed, Martinelli concedes that its sparkling juices are nonalcoholic liquids for human consumption containing carbon dioxide. Martinelli's attempt to find an ambiguity in the statute, by arguing that "carbonated beverage" may be interchangeable with "soda pop" in some contexts, cannot defeat the clear definition of "carbonated beverage" in the statute.

Moreover, the ordinary meaning of "carbonated beverage" is a "liquid for drinking" "impregnate[d] . . . with carbon dioxide to infuse with freshness and sparkle." *See* WEBSTER'S THIRD NEW INT'L DICTIONARY, 210 ("beverage"), 336 ("carbonate") (1969). This ordinary meaning is wholly consistent with the definition conceded by Martinelli. There is no ambiguity in the statute.

Furthermore, to conclude that "carbonated beverages" must contain syrup would not give effect to the separate definitions of "carbonated beverage" and "syrup" in the statute, and would create an unreasonable construction of the statute.

---

[3]Martinelli relies on agency determinations in New York, California, Oregon and Massachusetts that its sparkling juices were not "beverages" for purpose of returnable beverage container acts. For the most part, these are agency rul ings determining that Martinelli's products were not required to comply with the returnable bottle acts. Additionally, California's equivalent to the DOR ap pears to have determined that Martinelli's juices are exempt food products however, the brief agency letter provides minimal information on the basis fo its conclusion.

[4]Martinelli also appears to argue that "carbonated beverages" are eith products containing (1) carbonated water or (2) carbonated water and syrup, an therefore concludes that "carbonated beverages" must contain water or syrup.

■■ We note also that in 1989, after the enactment of RCW 82.64, the DOR adopted WAC 458-20-255 (Rule 255), providing an interpretation of the statutory definition provided in RCW 82.64. After reiterating the basic statutory definition, Rule 255 (2)(b)(i) concludes:

> Thus, "carbonated beverage" includes but is not limited to soft drinks, "soda pop," mineral waters, seltzers, fruit juices, or any other nonalcoholic beverages, including carbonated waters, which are produced for human consumption and which contain any amount of carbon dioxide.

While " 'the ultimate authority' " for determining a statute's meaning remains with the court, considerable deference will be given to the interpretation made by the agency charged with enforcing a statute. *Impecoven v. Department of Revenue*, 120 Wn.2d 357, 363, 841 P.2d 752 (1992). Additional deference should be given to an agency's interpretation when the Legislature has amended a statute without altering the agency interpretation. *Seattle-King County Council of Camp Fire v. Department of Revenue*, 105 Wn.2d 55, 65-66, 711 P.2d 300 (1985).

The Legislature amended RCW 82.64 in 1991, including the definition section, without altering the DOR's interpretation of "carbonated beverages." *See* Laws of 1991, ch. 80, § 1. This supports the trial court's conclusion that the Legislature intended Martinelli's sparkling juices to be "carbonated beverages" for purposes of RCW 82.64.

### B. DOR's Appeal

RCW 82.12 imposes a use tax on a person's use of tangible personal property within the State. Martinelli does not challenge the applicability of the statute to the samples it uses in the State; however, Martinelli does claim that its products are exempt food products. The DOR contends that Martinelli's sparkling juice samples are "carbonated beverages," and therefore are not exempt food products under RCW 82.12.0293.

■ RCW 82.12.0293 exempts food products for human

consumption from the use tax.[5] The general description of "[f]ood products" includes "fruit and fruit products" and "fruit juices." RCW 82.12.0293(1). However, there is an exception to this exemption for "carbonated beverages." RCW 82.12.0293(1).

The DOR asserts that this statute "exempts from the use tax all liquid or frozen beverages (including fruit juices and vegetable juices) except (a) bottled water, (b) spirituous, malt or vinous liquors, or (c) carbonated beverages[;]" therefore, "food products" include all beverages except "carbonated beverages." Martinelli counters that its fruit juice is not a "carbonated beverage" for purposes of the use tax statute.

■■ Where a term is not defined in a statute and no contrary intent is apparent in the statute, an appellate court should give the term its ordinary meaning. *City of Bellevue v. International Ass'n of Fire Fighters, Local 1604*, 119 Wn.2d 373, 380, 831 P.2d 738 (1992). Nontechnical terms may be given their dictionary definitions. *State v. Fjermestad*, 114 Wn.2d 828, 835, 791 P.2d 897 (1990). The court may use the ordinary dictionary definition when a term, including a compound term, is not defined in a statute. *See State v. Sunich*, 76 Wn. App. 202, 206, 884 P.2d 1 (1994) (construing "maximum possible" sentence). "Carbonated beverage" is not defined in the dictionary; however, the DOR asserts that the definition can be determined by using the individual definitions of "carbonated" and "beverage."

---

[5] RCW 82.12.0293(1) provides:

The provisions of this chapter shall not apply in respect to the use of food products for human consumption.

"Food products" include . . . fruit and fruit products . . . .

. . . .

"Food products" include all fruit juices, vegetable juices, and other beverages except bottled water, spirituous, malt or vinous liquors or carbonated beverages, whether liquid or frozen.

The verb "carbonate" is defined as "1. [t]o charge with carbon dioxide gas, as a beverage." WEBSTER's II, NEW RIVERSIDE DICTIONARY, 229 (1994). "Carbonate" is also defined as "to impregnate with carbon dioxide, *specif.*: to impregnate (a beverage) with carbon dioxide to infuse with freshness and sparkle[;] to make lively, pungent, or sparkling." WEBSTER's THIRD NEW INT'L DICTIONARY, 336 (1969). Thus, the presence of carbon dioxide in Martinelli's sparkling juices qualifies them as carbonated.

"Beverage" is defined as "[a] liquid for drinking, usually excluding water." WEBSTER's II, NEW RIVERSIDE DICTIONARY, 169 (1994). "Beverage" is also defined as "a liquid for drinking; esp: such liquid other than water (as tea, milk, fruit juice, beer) usu[ally] prepared (as by flavoring, heating, admixing) before being consumed." WEBSTER's THIRD NEW INT'L DICTIONARY, 210 (1969). While Martinelli's sparkling juices are not prepared in any of the mentioned ways (except perhaps "admixing" with carbon dioxide), they are liquids for drinking.

The combined individual definitions of "carbonate[d]" and "beverage" indicate that Martinelli's sparkling juices are "carbonated beverages" using the ordinary meaning of the terms. Martinelli urges this court to examine its alternative sources for the definition of "carbonated beverage"; however, none of the cited sources do more than illustrate that in some instances "carbonated beverage" and "soda pop" are interchangeable. Thus, the trial court erred in holding that Martinelli's sparkling juices were not "carbonated beverages" under RCW 82.12.

 Additionally, an appellate court may examine related statutes and construe them together to determine the legislative understanding of terms. *State v. Herr*, 151 Wash. 623, 628, 276 P. 870 (1929). A court may also consider the provisions of a later enactment in determining the legislative intent in a prior enactment. *Joswick*, 71

Wn. App. at 316 (citing *Longview Co. v. Lynn*, 6 Wn.2d 507, 520, 108 P.2d 365 (1940)).[6]

This court may consider the definition of "carbonated beverage" from RCW 82.64.010(1) as evidence of the meaning of the same term in RCW 82.12.0293. In addition, the court may also consider the interpretation given in Rule 255, which was impliedly affirmed by the Legislature's subsequent amendments to the statute, as an aid to construing "carbonated beverage" in RCW 82.12.0293. Examination of these two sources supports the conclusion that Martinelli's sparkling juices are "carbonated beverages" under RCW 82.12.

Both parties mention general (conflicting) rules of statutory construction to assist in our analysis. First, doubts regarding the construction of a tax statute are construed against the taxing power. *Duwamish Warehouse Co. v. Hoppe*, 102 Wn.2d 249, 254, 684 P.2d 703 (1984) (citing *MAC Amusement Co. v. Department of Revenue*, 95 Wn.2d 963, 966, 633 P.2d 68 (1981)). Second, tax exemptions are to be strictly construed in favor of the tax and may not be extended beyond the scope intended by the Legislature. *MAC*, 95 Wn.2d at 966.

In resolving the apparent conflict between these two rules of statutory construction, it is useful to return to the standard maxim that a specific statute controls a general one. Using this maxim, the rule requiring narrow construction of tax exemptions addresses a more specific area of tax law than does the general requirement that where there is an ambiguity in the statute, it is construed against the taxing authority. Thus, a narrow construction of the "food products" exemption means that carbonated fruit juices are "carbonated beverages" and are the exception to the exemption.

---

[6]The rules of statutory construction also require an appellate court to harmonize the various provisions of an act; this usually arises within particular statutory chapters. *See State v. Williams*, 62 Wn. App. 336, 338, 813 P.2d 1293, *review denied*, 117 Wn.2d 1027 (1991) (harmonizing RCW 10.05.140 and RCW 10.05.160). It therefore follows that the court will attempt to harmonize the provisions within a particular title, i.e., Title 82, excise tax.

██ Martinelli's beverages are taxable "carbonated beverage[s]" under RCW 82.64, the carbonated beverage tax, and the partial summary judgment in favor of the DOR is therefore affirmed. Martinelli's beverages are also taxable under RCW 82.12 based upon the ordinary meaning of "carbonated beverage," and the trial court's summary judgment in favor of Martinelli is therefore reversed. The matter is remanded for entry of judgment in favor of DOR.

MORGAN, J., and FLEISHER, J. Pro Tem., concur.

Reconsideration denied May 9, 1996.

Review denied at 130 Wn.2d 1004 (1996).