978 P.2d 559 (1999)
SAFEWAY, INC., Respondent/Cross-Appellant,
v.
DEPARTMENT OF REVENUE, STATE OF WASHINGTON, Appellant/Cross-Respondent.
No. 23368-1-II.
Court of Appeals of Washington, Division 2.
June 18, 1999.
Reconsideration Denied August 26, 1999.
*560 John S. Barnes, Assistant Attorney General, Olympia, for Respondent/Cross-Appellant.
Garry George Fujita, D. Bruce Lamka, Davis Wright Tremaine, Seattle, for Appellant/Cross-Respondent.
HUNT, J.
The Department of Revenue appeals a summary judgment order that Safeway, Inc., is entitled to a credit against business and occupation (B & O) tax due on its internal distribution activities, for amounts paid as B & O tax on its manufacturing activities. The Department also appeals the trial court's computation of post-judgment interest. Safeway cross-appeals the trial court's computation of post-judgment interest. Holding that RCW 82.04.440's plain language permits Safeway a credit against B & O tax due on its internal distributions, we affirm the summary judgment but we remand for adjustment of Safeway's interest award.

FACTS
Washington imposes Business & Occupation (B & O) tax on multiple commercial activities. Businesses that manufacture, distribute, or sell goods within Washington are taxed separately on each of these activities as *561 the goods they produce and market pass through the stream of commerce. Manufacturing is taxed under RCW 82.04.240 based on the value of the products made. Wholesaling is taxed under RCW 82.04.270(1) based on gross receipts. The distribution of goods is taxed under RCW 82.04.270(2) based on the value of the goods. And retailing is taxed under RCW 82.04.250 based on gross receipts.
To lessen the impact of such repetitive B & O taxation of the same taxpayer for the same product, the Legislature established the Multiple Activities Tax Credit (MATC). RCW 82.04.440. Under the MATC, businesses selling at wholesale or retail, subject to B & O tax, are allowed a credit for any extracting or manufacturing taxes paid on those products.
Safeway, Inc. (Safeway) is a vertically integrated company; it manufactures, wholesales and/or distributes goods to its retail stores, where they are sold to consumers. Safeway first pays a B & O tax on its manufacturing activities in Washington.[1] RCW 82.04.240. Safeway pays a second B & O tax on its "internal distribution" of goods, when no change of ownership occurs, at the point at which it transports its manufactured products from its warehouses or other "central location" in Washington to retail stores or outlets it owns. RCW 82.04.270(2). Safeway pays a third B & O tax on its retail sales to consumers. RCW 82.04.250.
The Washington State Department of Revenue (Department) permitted Safeway to credit the manufacturing B & O tax that Safeway had paid on manufactured goods against the gross receipts B & O tax on its Washington retail sales. On July 17, 1996, the Department denied Safeway, Inc.'s request for a refund of B & O taxes paid between January 1, 1990, and December 31, 1994, on internal distribution of Safeway-manufactured products to its own stores. Safeway filed suit in superior court, claiming the MATC under RCW 82.04.440, against internal distribution B & O taxes, for manufacturing B & O taxes it had already paid. Safeway moved for summary judgment, arguing that: (1) the Legislature intended every taxpayer to be charged B & O tax only once on any given product; and (2) the Department's interpretation of the MATC violated Safeway's equal protection rights.[2]
The Department responded that: (1) in enacting the MATC, the Legislature had intended to distinguish between wholesalers and distributors; (2) the MATC does not offer taxpayers relief against internal distribution B & O taxes;[3] and (3) therefore, manufacturers who sell goods wholesale to third parties are eligible for the MATC, while those who distribute internally are not.
The trial court granted Safeway's motion for summary judgment and denied the Department's motion for reconsideration. The Department appealed. Safeway cross-appealed, arguing that the trial court incorrectly computed post-judgment interest.
On appeal, neither party argues that there is any factual dispute. Both agree that the only issue is whether the MATC (RCW 82.04.440) entitles Safeway to credit against its distribution B & O tax the manufacturing B & O tax paid on goods it sold in Washington.

ANALYSIS

I. STANDARD OF REVIEW
We review de novo a trial court's conclusions of law in a tax refund action. Simpson Inv. Co. v. Department of Revenue, 92 Wash.App. 905, 913, 965 P.2d 654 (1998); S. Martinelli & Co., Inc. v. Department of Revenue, 80 Wash.App. 930, 934, 912 P.2d 521 (1996). When construing statutory language, *562 our goal is to carry out the Legislature's intent. Seven Gables Corp. v. MGM/UA Entertainment Co., 106 Wash.2d 1, 6, 721 P.2d 1 (1986). An "administrative determination will not be accorded deference if the agency's interpretation conflicts with the relevant statute." Senate Republican Campaign Comm. v. Public Disclosure Comm'n, 133 Wash.2d 229, 241, 943 P.2d 1358 (1997) (citation omitted).
In determining legislative intent, we interpret the language at issue within the context of the entire statute. In re Sehome Park Care Ctr., Inc., 127 Wash.2d 774, 778, 903 P.2d 443 (1995). Additionally, we "may examine related statutes and construe them together to determine the legislative understanding of terms." Martinelli, 80 Wash. App. at 939, 912 P.2d 521. Whenever possible, we give ordinary and usual meaning to words that are not statutorily defined. Palmer v. Department of Revenue, 82 Wash. App. 367, 372, 917 P.2d 1120 (1996). We avoid "[s]trained, unlikely, or unrealistic" statutory interpretations. Bour v. Johnson, 122 Wash.2d 829, 835, 864 P.2d 380 (1993).
"Taxation is the rule and exemption is the exception." Budget Rent-A-Car of Washington-Oregon, Inc. v. Department of Revenue, 81 Wash.2d 171, 174, 500 P.2d 764 (1972) (quoted in Simpson, 92 Wash.App. at 914, 965 P.2d 654). Statutes which provide for exemptions or deductions are, "in case of doubt or ambiguity, to be construed strictly, though fairly and in keeping with the ordinary meaning of their language, against the taxpayer." Group Health Coop. of Puget Sound, Inc. v. Washington State Tax Comm'n, 72 Wash.2d 422, 429, 433 P.2d 201 (1967) (quoted in Simpson, 92 Wash.App. at 914, 965 P.2d 654). Here, however, there is no ambiguity: In enacting the MATC, the Legislature clearly intended to provide taxpayer relief from multiple taxes.

II. MULTIPLE ACTIVITIES TAX CREDIT
RCW 82.04.240 imposes B & O tax on manufacturers. RCW 82.04.270(1) and (2) impose B & O tax on wholesalers and distributors, respectively.[4] RCW 82.04.250 imposes B & O tax on retail sales.[5] The multiple activities tax credit is allowed as follows:
Persons taxable under RCW 82.04.250, 82.04.270, or 82.04.260(4) with respect to selling products in this state shall be allowed a credit against those taxes for any (a) manufacturing taxes paid with respect to the manufacturing of products so sold in this state.... The amount of the credit shall not exceed the tax liability arising under this chapter with respect to the sale of those products.
RCW 82.04.440(2) (emphasis added).

A. MATC HISTORY
Before 1987, taxpayers who paid B & O tax on their retailing, wholesaling, or distribution activities were exempt from Washington's manufacturing B & O tax. See Laws of 1967, Ex.Sess., ch. 149, § 16. In the 1930s, when the Legislature first passed the Multiple Activities Exemption (MAE), wholesaling activities were subject to B & O tax, but internal distribution activities were not; manufacturers were exempted from the manufacturing B & O tax if they paid wholesaling B & O tax.[6]See Laws of 1935, ch. 180, §§ 4, 6.
*563 The parties agree that the tax on internal distribution was originally passed in order to minimize the competitive advantage of vertically integrated companies. But the Department cites no authority for its contention that the Legislature thereby intended to eliminate all competitive advantage to a vertically integrated company and to subject vertically integrated companies to B & O tax twice.[7] On the contrary, although the Legislature imposed an internal distribution tax to narrow the gap between vertically integrated and other companies, it exempted taxpayers who paid the internal distribution B & O tax from paying the manufacturing B & O tax. See Laws of 1937, ch. 227, §§ 1, 3.
In 1987, the United States Supreme Court struck down the MAE as violative of the Commerce Clause.[8]Tyler Pipe Indus., Inc. v. Washington State Dep't of Revenue, 483 U.S. 232, 248, 107 S.Ct. 2810, 97 L.Ed.2d 199 (1987). The Legislature then enacted the MATC, reinstituting the formerly exempted manufacturing B & O taxes, but providing a credit against retail and wholesale/distribution B & O taxes due under RCW 82.04.250 and 270, respectively. See RCW 82.04.440(2).

B. LEGISLATIVE INTENT & STATUTORY LANGUAGE
The parties dispute the meaning of two phrases contained in the MATC: "with respect to selling products in this state" and "with respect to the manufacturing of products so sold," particularly as they relate to the availability of MATC against distribution B & O tax liability. See RCW 82.04.440(2).

1. "With respect to selling products in this state"
We agree with Safeway that the phrase, "with respect to selling products in this state," modifies only RCW 82.04.260(4) (meat products), not RCW 82.04.250 (B & O tax on retailers), or 82.04.270 (B & O tax on wholesalers and distributors). The Legislature added this phrase and its reference to RCW 82.04.260(4) together, juxtaposed with no intervening comma. RCW 82.04.440(2); Laws of 1994, ch. 124, § 4. Standing alone, RCW 82.04.260(4)[9] taxes both manufacturers and sellers of wholesale meat products; thus, the modifying phrase's focus on "selling" limits the MATC to RCW 82.04.260(4) sale of meat products and does not extend to RCW 82.04.260(4) manufacture of such products.[10]

2. "With respect to the manufacturing of products so sold"
We also agree with Safeway that the phrase "with respect to the manufacturing of products so sold" refers only to the amount of manufacturing B & O tax paid, available as a credit against other B & O taxes, and not, as the Department suggests, to the type of taxes against which the credit may be applied. The plain language of RCW 82.04.440(2) makes the MATC available to any person taxable under RCW 82.04.270, which imposes a B & O tax upon wholesaling and distribution. Thus, under RCW 82.04.270, Safeway is taxable on its internal *564 distributions. But RCW 82.04.440 gives Safeway the right to credit any manufacturing B & O tax it has paid[11] on goods sold in Washington against its RCW 82.04.270 distribution taxes.
The MATC by its very nature benefits only vertically integrated companies, such as Safeway. If the MATC results in an unfair competitive advantage for such large companies, it is for the Legislature to rectify, not the courts. Thus, we hold that under the plain language of RCW 82.04.440, B & O taxes owing under RCW 82.04.270, including distribution B & O taxes, are eligible for the MATC. Accordingly, we affirm the trial court's ruling that Safeway is eligible to take the MATC against its distribution B & O taxes.[12]

III. POST-JUDGMENT INTEREST
The trial court ruled that Safeway was entitled to
[i]nterest under RCW 82.32.060(5) from the date of this judgment until such time as this judgment is made final by an order terminating the appeal that upholds this judgment.
Safeway argues that the trial court incorrectly awarded interest under RCW 82.32.060(5), rather than under RCW 4.56.110(3). Safeway acknowledges that this issue is resolved by our recent decision in Medical Consultants Northwest, Inc. v. State, 89 Wash.App. 39, 947 P.2d 784 (1997) (MCN). In MCN, we held that RCW 82.32.060(5) controls the rate of interest to be awarded when a taxpayer prevails in a refund action:
RCW 82.32.060 specifically addresses interest to be paid on tax refunds, including court-ordered judgments for refunds, whereas RCW 4.56.110 speaks to judgments generally. It is a well-settled rule of statutory construction that the specific prevails over the general.
MCN, 89 Wash.App. at 50, 947 P.2d 784.
Like the taxpayer in MCN, Safeway argues that RCW 82.32.060(5) applies only when the Department voluntarily refunds taxes paid and that RCW 4.56.110 controls the rate of interest when the Department loses a refund action at trial. Safeway contends that MCN was incorrectly decided.
The Department responds that: (1) the trial court's initial wording, that Safeway was entitled to "[i]nterest under RCW 82.32.060(5) from the date of this judgment until paid," was correct; and (2) the trial court erred in crossing out "paid" and inserting "such time as this judgment is made final by an order terminating the appeal that upholds this judgment." See Clerk's Papers at 143. Under MCN, the Department is correct; interest should be calculated under RCW 82.32.060(5) until the refund is paid.
We decided MCN less than two years ago; we decline Safeway's invitation to revisit this issue. Under MCN, the trial court here correctly noted that the applicable interest rate is set by RCW 82.32.060(5), beginning on the date of its judgment and extending through the date when our ruling becomes final. The trial court erred only in leaving open the possibility that some other interest rate might apply to the period between issuance of our opinion terminating the appeal and the Department's payment on the judgment. *565 Under MCN, RCW 82.32.060(5) sets the rate from the date of the trial court's judgment until the judgment is paid, thus including this latter period.

CONCLUSION
The plain language of RCW 82.04.440(2) controls; it does not limit the MATC to sales. Contrary Departmental interpretations of WAC 458-20-19301 do not prevail over the plain language of the statute. The trial court correctly determined that Safeway could use the MATC to reduce its distribution B & O taxes by the amount of manufacturing B & O tax paid on goods it both manufactured and sold in Washington. Accordingly, we affirm the trial court's grant of summary judgment, but remand for an adjustment of its award of interest to Safeway, as follows: Interest on the judgment until paid shall be computed according to RCW 82.32.060(5).
HOUGHTON, J., and ARMSTRONG, A.C.J., concur.
NOTES
[1] Safeway manufactures soda pop, baked goods, and dairy products in Washington.
[2] In light of our holding, we need not reach Safeway's argument that the Department's interpretation of the MATC  that wholesalers are eligible for the MATC while distributors are not-violates Safeway's equal protection rights.
[3] The internal distribution tax is imposed on a company's transfer of products it manufactures to its warehouses and then to its own retail outlets. RCW 82.04.270. Consequently, only vertically integrated companies, like Safeway, which manufacture and distribute goods to their own retail outlets, are subject to the internal distribution B & O tax.
[4] RCW 82.04.270(2) provides:

The tax imposed by this section is levied and shall be collected from every person engaged in the business of distributing in this state articles of tangible personal property, owned by them from their own warehouse or other central location in this state to two or more of their own retail stores or outlets, where no change of title or ownership occurs, the intent hereof being to impose a tax equal to the wholesaler's tax upon persons performing functions essentially comparable to those of a wholesaler, but not actually making sales. The tax designated in this section may not be assessed twice to the same person for the same article....
Although RCW 82.04.270 has recently been amended, those changes do not affect the outcome of this case. See Laws of 1998, ch. 329, § 1; Laws of 1998, ch. 343, § 2.
[5] The availability of the MATC to Safeway for retailing B & O tax due is not at issue here. The Department has already allowed Safeway to use the MATC to offset B & O taxes due on its retail sales activities.
[6] According to the MATC's legislative history, the MAE had existed to "preclude double taxation of a taxpayer performing more than one activity in Washington." Washington Legislative Report, 50th Final Sp. & Reg. Sess. 115 (1987-88).
[7] The Department also contends that the failure of the Legislature to refer specifically to the distribution B & O tax in various RCW provisions proves that distribution taxes are ineligible for the MATC. But as Safeway notes, it is not clear that there are two different taxes under RCW 82.04.270: The plain language of the statute seems simply to impose the wholesaling tax on internal distribution, without creating a separate tax on internal distribution. Thus, under RCW 82.04.270, if the distribution tax is the wholesaling tax, there is no additional distinct distribution tax. We need not decide that question, however, because under the plain language of RCW 82.04.440(2), Safeway can take the MATC against its distribution B & O tax liability.
[8] U.S. CONST. art. 1, § 8.
[9] RCW 82.04.260(4) imposes B & O tax "[u]pon every person engaging within this state in the business of slaughtering, breaking and/or processing perishable meat products and/or selling the same at wholesale only and not at retail[.]"
[10] The purpose of the MATC is to grant a credit against retail and wholesale/distribution B & O tax liabilities for certain amounts of manufacturing B & O tax paid. RCW 82.04.440(2). Thus, it would be illogical for the Legislature to grant a credit against manufacturing B & O tax liability for manufacturing tax paid.
[11] The total amount of credit taken under RCW 82.04.440(2) against the combined retail and manufacturing/distribution B & O tax liabilities cannot exceed the total amount of manufacturing B & O tax paid on products Safeway manufactures and sells in Washington.
[12] There are no reported cases interpreting the Department's MATC regulation, WAC 458-20-19301. The Department argues that this regulation, like RCW 82.04.440, clearly indicates that the MATC is not available to offset distribution B & O taxes. Because we hold that the statute itself dictates a contrary position, we accord no weight to any interpretations of such regulations that are inconsistent with the statute. See Fidelity Title Co. v. Department of Revenue, 49 Wash. App. 662, 666, 745 P.2d 530 (1987) ("The WAC provisions control nothing. The Department has authority to adopt only procedural rules; it cannot enact or amend the law by making rules.").

Moreover, we note that the Department's own regulation provides: "All of the external and internal tax credits derived from any flow of commerce may be used, repeatedly if necessary, to offset other tax liabilities related to the production and sale of the same products." WAC 458-20-19301(3)(h). The plain language of this regulation comports with the language of RCW 82.04.440, which does not limit the number of times a given taxpayer may take the MATC.