15 P.3d 692 (2001)
104 Wash.App. 235
The STROH BREWERY COMPANY, Appellant,
v.
STATE of Washington, DEPARTMENT OF REVENUE, Respondent.
No. 24944-8-II.
Court of Appeals of Washington, Division 2.
January 12, 2001.
*693 Cameron Gordon Comfort, Assistant Attorney General, Olympia, for Respondent.
Garry George Fujita, Davis Wright Tremaine, Seattle, for Appellant.
ARMSTRONG, C.J.
Stroh Brewery Company sought a refund of $196,370 it paid in Business & Occupation taxes between December 1991 and June 1996. During this time, Stroh produced beer and other alcoholic beverages out-of-state and sold the products to Washington distributors, *694 who then resold to various retail outlets, such as restaurants and taverns. Stroh petitioned the Department of Revenue for a refund of the taxes, contending that it qualified for a statutory exemption as an out-of-state manufacturer who distributes consumer goods only to or through a "direct seller's representative." For a direct seller's representative, who buys for resale, to qualify for the exemption, neither the representative "[n]or any other person" may resell the products in a permanent retail establishment. RCW 82.04.423. Stroh contends that its distributors met this limitation because they did not sell in their own permanent retail establishments. The Department denied Stroh's petition. On appeal, the trial court also denied the petition, concluding that Stroh did not qualify for the exemption because, although Stroh distributed its products to direct seller's representatives, the products were ultimately sold in permanent retail establishments. We affirm.

ANALYSIS
Washington's Business and Occupation (B & O) tax system taxes "virtually all business activities carried on within the state." Time Oil Co. v. State, 79 Wash.2d 143, 146, 483 P.2d 628 (1971). But the legislature has carved out various narrow exemptions from the tax. See RCW 82.04.310-.427; Budget Rent-A-Car of Washington-Oregon, Inc. v. Washington State Dep't of Revenue, 81 Wash.2d 171, 175, 500 P.2d 764 (1972) (stating that "the tax is very broad and the exemptions correspondingly narrow"). One of these exemptions relieves from B & O tax liability "any person in respect to gross income derived from the business of making sales at wholesale or retail if such person," among other requirements, "[m]akes sales in this state exclusively to or through a direct seller's representative." RCW 82.04.423(1). Under the statute, a "direct seller's representative" is
a person who buys consumer products on a buy-sell basis or a deposit-commission basis for resale, by the buyer or any other person, in the home or otherwise than in a permanent retail establishment, or who sells, or solicits the sale of, consumer products in the home or otherwise than in a permanent retail establishment; and
(a) Substantially all of the remuneration paid to such person, whether or not paid in cash, for the performance of services described in this subsection is directly related to sales or other output, including the performance of services, rather than the number of hours worked; and
(b) The services performed by the person are performed pursuant to a written contract between such person and the person for whom the services are performed and such contract provides that the person will not be treated as an employee with respect to such purposes [sic] for federal tax purposes.
RCW 82.04.423(2).
The Department of Revenue contends that a seller qualifies for the exemption only if no one ever sells its products in a permanent retail establishment. Stroh contends that a seller qualifies for the "direct seller's representative exemption" so long as the direct seller's representative does not sell the products in a permanent retail establishment. Alternatively, Stroh contends that if the statute means what the Department says, it is still entitled to the exemption because the Department has so construed the statute for years. We review the trial court's interpretation of a statute de novo. Simpson Inv. Co. v. State Dep't of Revenue, 141 Wash.2d 139, 148, 3 P.3d 741 (2000).

I. Statutory Construction
In construing a statute, we seek to ascertain and give effect to the legislature's intent. Duke v. Boyd, 133 Wash.2d 80, 87, 942 P.2d 351 (1997). When statutory language is clear, we assume that the legislature "meant exactly what it said" and apply the plain language of the statute. Duke, 133 Wash.2d at 87, 942 P.2d 351. We consider legislative history only if the statute is ambiguous. Bernstein v. State, 53 Wash.App. 456, 460, 767 P.2d 958 (1989). A statute is ambiguous if it is susceptible to two or more reasonable interpretations. McFreeze Corp. v. State, Dep't of Revenue, 102 Wash.App. 196, 200, 6 P.3d 1187 (2000). We neither construe statutory language to reach absurd *695 or strained consequences nor question the wisdom of a statute, even where its results seem unduly harsh. Duke, 133 Wash.2d at 87, 942 P.2d 351. In interpreting and construing a statute, we must give effect to all of the language, rendering no portion meaningless or superfluous. City of Seattle v. State, 136 Wash.2d 693, 698, 965 P.2d 619 (1998).
In general, "[t]axation is the rule and exemption is the exception." Budget Rent-A-Car, 81 Wash.2d at 174, 500 P.2d 764. Thus, the taxpayer has the burden of establishing eligibility for an exemption. In re Sehome Park Care Center, Inc., 127 Wash.2d 774, 778, 903 P.2d 443 (1995). And we construe tax exemptions narrowly. Budget Rent-A-Car, 81 Wash.2d at 174, 500 P.2d 764. We construe ambiguous tax exemptions "strictly, though fairly and in keeping with the ordinary meaning of their language, against the taxpayer." Safeway, Inc. v. Dep't of Revenue, 96 Wash.App. 156, 160, 978 P.2d 559 (1999) (quoting Group Health Co-op. of Puget Sound, Inc. v. Wash. State Tax Comm'n, 72 Wash.2d 422, 429, 433 P.2d 201 (1967)).
The Department argues that the statute defines two categories of direct seller's representatives: wholesalers and retailers. According to the Department, the phrase "a person who buys consumer products on a buy-sell basis or a deposit-commission basis for resale, by the buyer or any other person..." defines a wholesaler direct seller's representative. The second phrase "who sells, or solicits the sale of, consumer products in the home or otherwise than in a permanent retail establishment" defines a retailer direct seller's representative. Stroh concedes that this reading of the statute is reasonable.
The Department next argues that if Stroh qualifies for the exemption, it must be under the wholesaler representative category. Stroh agrees.
A wholesaler "direct seller's representative" is a person who buys products for resale "by the buyer or any other person ... otherwise than in a permanent retail establishment." RCW 82.04.423(2) (emphasis added). Based on this language, the Department contends that neither the buyer, which is the direct seller's representative, nor anyone else, may ever sell the direct seller's products in any retail establishment. Stroh contends that this interpretation of the exemption is unfair, strained, and impractical. It reasons that when a seller sells its product to a direct seller's representative, the seller does not know whether its products will later be resold in a permanent retail establishment. The Department counters that a seller could easily remedy this problem by prohibiting its representatives from reselling its products in a permanent retail establishment or to anyone who sells the products in such an establishment. Stroh points out that every subsequent reseller's contract would have to contain such a provision and that the direct seller would have to track every product unit to the ultimate customer to establish eligibility for the exemption.
Stroh argues that the Department's interpretation is impractical. If a seller must ensure that its products never reach consumers through a permanent retail establishment, the seller would have to track each product unit. But the statutory language shows that the legislature never intended the exemption to apply to a seller like Stroh. If, as Stroh argues, a manufacturer qualifies when its direct seller's representative does not sell in its own permanent retail establishment, the phrase "or any other person," has no meaning. We must construe the exemption narrowly, Budget Rent-A-Car, 81 Wash.2d at 174, 500 P.2d 764, and without rendering any language superfluous. City of Seattle, 136 Wash.2d at 698, 965 P.2d 619. We hold that, in order for a direct seller who sells to wholesalers to qualify for the exemption, neither the "buyer," which is the direct seller's representative, nor "any other person" may resell the direct seller's products in a permanent retail establishment.
Moreover, even if the statute's language is ambiguous, we must resolve the ambiguity in favor of taxation. Safeway, 96 Wash.App. at 160, 978 P.2d 559. Stroh states that "there are two reasonable interpretations of this ambiguous statute" and that this court should not adopt the Department's interpretation because a court should avoid strained interpretations. Stroh agrees that the Department's *696 interpretation, which the trial court adopted, "is one reasonable interpretation of the statute," although not a fair interpretation. The Department counters that even if the statute is ambiguous, the Department's interpretation must prevail because we resolve ambiguity in an exemption statute in favor of taxation. Although it is true that we construe ambiguity in a tax exemption strictly against the taxpayer, this construction must also be fair and within the ordinary meaning of the language of the exemption. Safeway, 96 Wash.App. at 160, 978 P.2d 559. And fairly and consistently interpreted, the exemption does not apply if either the direct seller's representative or anyone else sells the direct seller's products in a permanent retail establishment.

II. Contemporaneous Construction
Stroh contends that, even if statutory construction favors the Department's interpretation of RCW 82.04.423, the doctrine of contemporaneous construction calls for construing the exemption in its favor in this case. This doctrine accords "great weight... to the contemporaneous construction placed upon it by officials charged with its enforcement, particularly where that construction has been accompanied by silent acquiescence of the legislative body over a long period of time." Newschwander v. Board of Trustees of the Wash. State Teachers' Retirement System, 94 Wash.2d 701, 711, 620 P.2d 88 (1980).
Stroh points to four of the Department's written determinations that applied the direct seller's representative exemption. It maintains that these determinations "set the tone for the exemption" by granting it in each case, but that the Department decided in 1998 to change its prior policy regarding the exemption. Stroh argues that the Department's determinations are precedent, citing RCW 82.32.410.[1] Moreover, continues Stroh, Department internal documents suggest that the Department viewed the new administrative regulation as a change in interpretation. But none of the Department's determinations directly address whether a direct seller may qualify for the exemption if its products eventually are sold in a permanent retail establishment.
And even if the Department did change its interpretation of the exemption, Stroh cannot now rely on the previous interpretation. Where the Department changes its interpretation of a tax, it cannot retroactively assess the tax. But a taxpayer who has paid the tax without objection cannot show that it relied upon the Department's previous interpretation. Port of Seattle v. State, Dep't of Revenue, 101 Wash.App. 106, 117-18, 1 P.3d 607, review denied, 16 P.3d 1264 (2000) (discussing Hansen Baking Co. v. City of Seattle, 48 Wash.2d 737, 296 P.2d 670 (1956), and Group Health Co-op. of Puget Sound, Inc. v. Wash. State Tax Comm'n, 72 Wash.2d 422, 433 P.2d 201 (1967)). In Port of Seattle, the taxpayer did not rely on the Department's interpretation. The Port never sought nor received advice on whether its airport terminal projects were exempt from sales taxes. Instead, the Port paid the taxes on those projects for several years without objection. Port of Seattle, 101 Wash.App. at 118, 1 P.3d 607. By contrast, in Hansen Baking Co. and Group Health, each taxpayer "paid a specific tax in accordance with specific rulings of the taxing authority, and then was assessed a deficiency when the taxing authority changed its position." Port of Seattle, 101 Wash.App. at 118, 1 P.3d 607.
Similar to the Port, Stroh did not rely on what it contends was the Department's previous interpretation. Rather, Stroh paid the B & O tax for several years without objection and later petitioned for a refund. We conclude that although the Department changed its interpretation, Stroh does not show that it relied upon any earlier interpretation.
Thus, the trial court properly denied Stroh's petition for a tax refund. When a direct seller sells through a wholesaler, the seller can qualify for the B & O tax exemption in RCW 82.04.423 only if its products are never sold in a permanent retail establishment. And, when the Department changes its interpretation of a tax exemption, a taxpayer *697 may not obtain a refund unless it relied on the prior interpretation.
Affirmed.
SEINFELD, J., and WOOD, J.P.T.[2], concur.
NOTES
[1] RCW 82.32.410(1) provides that the director of the Department of Revenue has authority to designate the Department's written determinations as precedents.
[2] Judge Wood is serving as a judge pro tempore of the Court of Appeals, Division II, pursuant to CAR 21.